## 51990. WINGET v. THE STATE.

EVANS, Judge.

Defendant was indicted for the sale of marijuana in violation of the Georgia Controlled Substances Act. He was convicted and sentenced to serve 4 years and 11 months in the penitentiary. Motion for new trial was filed and denied. Defendant appeals. *Held:*

1. Counsel for defendant invoked the rule of sequestration of witnesses whereupon the prosecuting attorney requested the presence of the prosecutor (county sheriff) to remain in the courtroom and assist him in the presentation of the case. He stated *in his place* that he needed the prosecutor to assist him and he could not proceed without him. The court then ruled "you will have to put him up first." Here the court ascertained from the prosecuting attorney that the sheriff was the principal investigator and the one most familiar with the presentation of the case to the jury and held that the sheriff had a legal right to stay in the courtroom with the above conditions. Unlike the case of *Stuart v. State,* 123

Ga. App. 311, 312 (180 SE2d 581), the trial judge considered the exigencies of the case to see that the rule of sequestration was obeyed as far as possible, but allowed the sheriff to remain, provided he was put upon the witness stand first. The trial judge did not abuse his discretion in granting the district attorney's request. See *McNeal v. State,* 228 Ga. 633 (4) (187 SE2d 271); *Fountain v. State,* 228 Ga. 306 (3) (185 SE2d 62); *Spurlin v. State,* 222 Ga. 179 (2) (149 SE2d 315); *Pippins v. State,* 224 Ga. 462 (2) (162 SE2d 338).

2. The sheriff testified first and then remained in the courtroom during the entire trial. He was then called as a rebuttal witness after the defense rested. The substance of the questions asked appeared to be mere repetition as to his instructions to the undercover agent and as to his confidence in the truthfulness of this undercover agent who was a witness in this case. However, no objection was made thereto. But it is contended that the court erred in denying a motion for mistrial when the sheriff was recalled as rebuttal witness, as this was a violation of the rule of sequestration. Under the ruling in *McNeal v. State,* 228 Ga. 633, 636 (4), supra, there was no error here, and no error in the court's denial of the motion for mistrial by defendant. See in this connection *Poole v. State,* 130 Ga. App. 603, 607 (203 SE2d 886); *Thomas v. State,* 27 Ga. 287 (8).

3. During cross examination of state's witness (the undercover agent), he volunteered certain information not in response to a question but as to what another person told him to the effect that drugs should not have been sold to a certain boy (not the defendant). This testimony had nothing to do with the case against the defendant. Whereupon the court proceeded to ask questions of this witness as to what this person had said in regards to the sale to that boy, and the witness proceeded to tell about the antics of the boy — that he began to feel like a giant and later like an octopus. These questions were totally irrelevant to the case. But counsel for the defendant made no motion for mistrial or to exclude these questions, nor did he in any manner attempt to obtain a ruling from the court that the court should not have asked these questions of the witness. The testimony elicited by the court was

prejudicial, was irrelevant, and had no probative value, and the only effect was to prejudice and inflame the jury and deny the defendant a fair and impartial trial. While defense counsel did not object to this hearsay evidence, it was entirely without probative value. See *Dowling v. Doyle,* 149 Ga. 727, 731 (102 SE 27); *Higgins v. Trentham,* 186 Ga. 264 (1) (197 SE 862). Yet the trial judge, knowing the evidence was hearsay, and knowing it was without probative value, even without objection by defense counsel, and knowing that the effect was to inflame the minds of the jurors against defendant, the judge sua sponte placed this illegal evidence before the jury, all of which was improper and illegal. If proper objection had been made in the lower court, we would have to reverse on the above grounds, but proper objections were not made in the lower court.

4. On cross examination of the sheriff, he was questioned in regard to payment made to the undercover agent. Thereafter when the undercover agent was on direct examination, the undercover agent was asked about his various purchases of drugs and the accounting which he maintained. State's counsel then asked what he had purchased, for instance from Wanda Watson: "What did you buy from her? 'A. I bought one hundred hits of T.H.C. from her. Q. You got seventy-five one time and twenty-five another? A. Yes, sir. She said thirty. I didn't count them. By Mr. Henderson: Your Honor, I object to going into Wanda Watson's case. We are dealing with Harry Winget and what happened on March 18. By Mr. Lawrence: Your Honor, he has left the inference there that this man could buy more than he turned in to the Sheriff, and that he could make money on the side. By The Court: Do you contend that, Mr. Henderson? By Mr. Henderson: Sir? By The Court: Do you contend what Mr. Lawrence has said? By Mr. Henderson: I will leave it to the Jury to draw whatever conclusions they would from the testimony. By The Court: I will let him answer that question, then. If that is going to be an issue I think he has a right to go into it."

The prosecuting attorney then proceeded to examine the undercover agent about the purchase of drugs from Wanda Watson and his accounting for said purchases to

the sheriff. This testimony regarding "buys" of drugs from others was totally unrelated to the instant case. Same was clearly irrelevant and immaterial and introduced solely to bolster the good character of the undercover agent in the eyes of the jury. Testimony as to the defendant's purchase of drugs from others should have been excluded on objection. See *Watson v. State,* 137 Ga. App. 530 (3). Whether drugs were or were not purchased by the undercover agent from Wanda Watson was absolutely irrelevant and inadmissible.

5. The evidence was sufficient to authorize the introduction of the 1 ounce of marijuana which the agent testified he purchased from the defendant. The agent witness at all times kept keys to the box in which this marijuana was kept until given to the sheriff. There is no merit in this complaint. No evidence of tampering with the state exhibit has been shown.

6. The prosecuting attorney was entitled by law to a thorough and sifting cross examination of the defendant when he was sworn as a witness. The witness was cross examined and allowed to testify that he played in a band and as to certain engagements he would be playing the next week-end. However, there appears to be no ruling on the objection made by the defendant's counsel. We do not see any harmful error although this questioning and the testimony appear to be irrelevant and immaterial.

7. The court did not err in sustaining an objection to a question by defense counsel that same was leading. The question could have easily been rephrased another way to meet the objection that same was leading. No harmful error is shown. There is no merit in this complaint.

8. The court allowed the district attorney, over objection, to argue as follows: "Everytime I hear the word 'concert' where you see these thousands of people on these acres of land, I don't say all of them are doing it, but I say it's a good spot to go look for drugs; you're going to find them, and you can see some of the craziest folks at one of those concerts. I went with a group of us one night and I saw one with a rooster sitting on his shoulder and the rooster had gone to the bathroom all the way down his back. He'd been there all evening with that rooster. It will run you crazy as a bat. And this is an illustration in this

case, listen to this illustration; a little seventeen-year old—I think he's an eighteen-year-old boy now, by the name of Kenneth Mays, sitting in the living room, he takes off his shirt and he sayd, 'G-D, I feel like a giant,' and then what's the next thing he says, 'Man, I feel like an octopus.' And I'll tell you one thing, if you use it long enough, you will be a monkey. And it makes me mad when they start giving it to young children and selling it to them. Let me tell you, we don't have but one mind, but that child, if it had been my child, and I would have whipped the daylights out of him, if I could get him, but the person who sold it to him had better go too, if I know who he is. And to sell it to those teenagers or grown folks, whoever they may be in this society and let them see their brains deteriorate until they act like animals, instead of human beings. By Mr. Henderson: I'm going to object to this because there's no evidence and no testimony at all that that young man was on any sort of drugs. His testimony was he stood up and acted funny; no testimony anybody sold him anything. I think we're straying away from the evidence. By Mr. Lawrence: Your Honor please, I think it's a reasonable deduction that if they're selling that stuff there, they're using it there, too. By The Court: Did the witness testify that somebody said 'You ought not to have sold him that much?' By Mr. Lawrence: Yes, sir, right in that house that night, *someone commented,* 'You ought not to have sold that boy that much of that stuff.' By The Court: The Court will overrule the objection." (Emphasis supplied.)

The preceding argument of state's counsel, to which prompt and proper objection was made, was completely without evidence to support it — was immaterial, prejudicial and inflammatory. It was the testimony of state's counsel during argument on matters which had not been proven in evidence, and if proof of same had been offered, would not have been admissible in evidence. The trial court had a duty, even without a motion therefor, to see that the trial was fairly conducted, and where improper remarks are made in the presence of the jury, it is the absolute duty of the judge to intervene and stop it and by all needful instructions remove the improper impressions which the state's counsel has sought to create

in the minds of the jurors. See Code § 81-1009. Here the judge, instead of carrying out the provisions of the statute, gave sanction to the utterances of state's counsel and thus compounded the error. This was a flagrant error and requires the grant of a new trial. See *Fitzgerald v. State,* 184 Ga. 19 (190 SE 602); *Spell v. State,* 225 Ga. 705, 709 (171 SE2d 285); *Moorehead v. Counts,* 130 Ga. App. 453, 455 (1) (203 SE2d 553); *Watson v. State,* 137 Ga. App. 530 (1), supra.

9. Errors are enumerated to numerous occasions in which no objection was made. For example: in the examination of the sheriff as a witness by the court as to how the defendant knew the sheriff had a warrant for him (T. 35); the court eliciting the hearsay testimony about the boy who felt like an octopus, but again no objection was made (see T. 103); the court interrupting defense counsel in examination of the undercover agent as a witness (T. 116, 117); the elicitation of evidence by the court as to income tax returns being filed by the witness defendant; the argument to the jury by the prosecuting attorney as to his conversation with his teenage son about drugs (A. T. 25); the argument about "buys" by the undercover agent in which he discussed the war in Vietnam (A. T. 10, 11); the prosecuting attorney praising the laboratory expert as to a good job in analyzing drugs and "a lot of you have seen her more than once this week"; and argument of the prosecuting attorney as to what might happen if a teenager does not get another "buzz" out of marijuana and tries to take something a little stronger (T. 24). These alleged errors cannot be considered. See *Spencer v. State,* 231 Ga. 705, 707 (203 SE2d 856); *King v. State,* 121 Ga. App. 347, 348 (3) (173 SE2d 746); *Joyner v. State,* 208 Ga. 435 (2) (67 SE2d 221).

10. The court did not err in charging the jury that the defense of alibi requires the state to prove that the defendant was present and the crime was committed, and further the jury would be authorized to convict, "if you find beyond a reasonable doubt that this defendant did, on March 18, 1975, or at any time within the period four years prior to the date of filing and returning this indictment in the court, sell marijuana." See *McFarlin v. State,* 95 Ga. App. 425 (98 SE2d 99); *Gravitt v. State,* 220

Ga. 781 (3) (141 SE2d 893).

11. The next objection is to an alleged question asked of the court by the jury as to "the period of 4 years prior to the date of filing and returning of this indictment." But counsel for the defendant failed to point out in the transcript where this could be located in order that same might be considered. Rule 18 (Code Ann. § 24-3618) as to structure and content of brief of defendant has been violated, and this enumeration of error is deemed to be waived.

12. The same is likewise true as to the court's failure to give a charge on expert testimony which contains no argument whatsoever. See in this connection *Vandable v. State,* 127 Ga. App. 306, 307 (2) (193 SE2d 197); *Watson v. State,* 137 Ga. App. 530 (16), supra.

13. Upon a verdict of guilty, the court may, in the case of a defendant who has not been previously convicted of a felony, without entering a judgment of guilt and with the consent of the defendant, defer further proceedings and place the defendant on probation as provided by the State Probation Act which would authorize discharge without court adjudication of guilt in the event defendant did not violate probation. Defendant contends that the court erred in abusing its discretion by sentencing him to 4 years and 11 months and in not considering him as a first offender. But the court carefully stated that due to defendant's habits and associations, the issues he heard as shown by the evidence, and due to the apparent involvement in the drug traffic, he could not treat him as a first offender. The court did not abuse its discretion in rendering this decision however hard it may be.

14. Defendant argues that the court in giving him a sentence of 4 years and 11 months instead of 5 years prevented him from automatically having his sentence reviewed by the sentence review panel and same amounts to cruel and unusual punishment. But under Code Ann. § 79A-811 (j), the defendant could have been sentenced to not less than 10 years' imprisonment and we cannot hold that the court gave him one month less in order that his sentence not be reviewed by the sentence review panel.

15. But in all events, for the reasons stated in

Divisions 4 and 8, a new trial will be necessary.

*Judgment reversed. Pannell, P. J., and Marshall, J., concur in the judgment only.*

ARGUED APRIL 7, 1976 — DECIDED APRIL 22, 1976.

*David E. Henderson,* for appellant.

*E. Byron Smith, District Attorney, Kenneth R. Waldrep, Assistant District Attorney,* for appellee.