40319. PRINCE v. THE STATE.

HILL, Chief Justice.

Russell A. Prince was convicted on February 24, 1983, of the rape and murder of Odessa Paige Hadden and was sentenced to two consecutive life terms.[1] The victim was found dead in her home around 7:45 on the morning of August 26, 1982. At approximately 8:15 a.m., the Bibb County police arrived at the scene. The victim was found lying on the floor beside the bed, nude, legs spread apart with the right leg propped up against the bed frame. Rigor mortis was setting in.

The autopsy revealed multiple bruises and contusions on the victim's neck and a collapsed larynx. There were also bruises and contusions on the external genitalia. Sperm was found in the genital tract and what appeared to be dried semen was observed on the abdomen. Based upon the position and condition of the body, the medical examiner concluded that the victim died as a result of manual strangulation during an act of forcible intercourse.

---

[1] The defendant's motion for new trial was overruled by the trial court on July 13, 1983, a notice of appeal was filed, the record was transmitted to this court on August 29, 1983, and the case was submitted on briefs on October 14, 1983.

The defendant turned himself in to the police at approximately 4:40 p.m. on August 26, 1982. The defendant admitted that he caused the victim's death but claimed that he and the victim had had consensual sexual relations and that her death was an accident. He testified that after the two of them smoked marijuana, the victim became violent during intercourse. He admitted grabbing her by the throat and hearing something pop and that thereafter the victim could not catch her breath. He stated that he poured shampoo on the victim's vagina before leaving.

1.  The defendant urges that the court erred in overruling his motion for directed verdict on both counts. As for the rape, he urges that it was consensual. As for the murder, he urges that there was no evidence of malice. The jury was authorized to find, from the intense pattern of hemorrhages on the victim's face, that a great deal of force had been exerted to the neck of the victim over a period of time. Thus, there was evidence from which the jury was authorized to find malice. From this and other evidence the jury was authorized to find that the intercourse was forcible and against the victim's will. The court did not err in overruling the motions for directed verdict, and the evidence was sufficient under Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), to enable a rational trier of fact to find the defendant guilty of murder and rape beyond a reasonable doubt.

2.  The court did not err in overruling defendant's objection to the following testimony by the medical examiner, Dr. Erbele.

"Q  Why do you conclude, based on what you say as a medical person or as a doctor, as a Medical Examiner — why did you conclude that this intercourse was forcible?

"A  In the first place, she was fixed in rigor with her legs spread. She had been killed and left with her legs spread. Intercourse had been forcible in view of the bruises to the vulva. There was sperm in the vagina. There was a track on her abdomen that looked like sperm — dried sperm. . . .

"Q  Is that, in your opinion, inconsistent with consensual sex?
"A  Yes."

Defense counsel objected that the witness had not been qualified as an expert in the field of consensual sex; i.e., in the field of human sexual relations. The objection was overruled. On appeal the defendant points out that consent was an ultimate issue for the jury. The medical examiner also testified that in his opinion the victim was strangled during intercourse "because women just don't die with their legs spread...." We find no error under the facts of this case.

3.  The defendant urges that the court erred in allowing the medical examiner to testify as to the defendant's intent, in not making any ruling on his objection and in allowing the witness to

make harmful and unsolicited comments during argument upon the objection. The witness testified that a great deal of force would have to be applied to collapse and break the larynx. When asked whether such injuries could occur unintentionally, defense counsel objected. During an attempt to rephrase the question and further objections, the witness said: "In this one it was obvious, if that gives you an idea of the force." There was no motion to strike the witness' statement.

4. The defendant contends the trial court erred in overruling his motion for mistrial based on the medical examiner's testimony that in his opinion the victim was "manually strangled during an act of forcible rape." The defendant urges that the word "rape" is a legal conclusion which must be determined by the jury. The court sustained the defendant's objection but overruled the motion for mistrial. No curative instructions were requested. Thereafter the prosecutor and medical examiner used the word "intercourse." It is within the discretion of the court to grant or deny a motion for mistrial. There was no abuse of discretion here.

5. The defendant claims the trial court erred in overruling his objection to the opinion testimony of another expert witness which was based on photographs of the victim. The witness had testified that in his opinion the victim had been strangled. When asked what factors led him to that conclusion, the witness specified, over objection, the multiple contusions and abrasions on the neck and the intense pattern of hemorrhages scattered about the face. The defendant claims that the expert witness should have been examined by hypothetical questions since his opinion testimony was not based on personal knowledge. After an expert testifies as to his opinion, he may be examined as to the factors which he considered in formulating that opinion. We find no error here.

6. The trial court did not err in refusing to grant the defendant's motion for mistrial which was based on the fact that the coroner, who was listed as a state's witness but who did not testify, had been seen associating with some jurors before voir dire and jury selection. Defense counsel had questioned the potential jurors as to state's witnesses. In addition, when the coroner's conduct was learned, the court gave counsel for the defendant the opportunity to expose any misconduct by questioning the empaneled jury about any conversation with the coroner. Counsel for the defendant refused this opportunity. We find no error here.

7. The defendant claims the trial court erred in refusing to give the charge he requested that the fact that he did not conceal himself could be considered as some evidence of his innocence. The defendant also claims the trial court erred in charging the jury on flight. The defendant did not call for assistance for the victim.

Instead, the evidence showed that the defendant left the scene of the crime and went to a nearby cemetery and sat on a gravesite for about 20 minutes. He then went to his mother's house, climbed in the window and went to sleep. We find no error here.

8. The defendant claims the trial court erred in refusing his request to charge the jury on tampering with evidence at the scene of the crime, citing *Mason v. State,* 236 Ga. 46 (6) (222 SE2d 339) (1976). In *Mason* we found no error in the trial court's refusal to give such instruction and the evidence supporting such a charge was stronger there than here.

9. The defendant contends that the trial court erred in charging that if the jury found that the defendant unlawfully and intentionally strangled and killed the victim, as charged in the indictment, with his "hands," the jury would be authorized to, and should, find the defendant guilty of murder. He urges that the evidence showed that he used only one hand and that the court's use of the plural created the impression of a deliberate and wilful act not supported by the evidence. We find no error.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 19, 1984 —
REHEARING DENIED FEBRUARY 10, 1984.

*Thomas F. Jarriel,* for appellant.

*Willis B. Sparks III, District Attorney, Thomas J. Matthews, Charles H. Weston, Assistant District Attorneys, Michael J. Bowers, Attorney General, Paula K. Smith, Staff Assistant Attorney General,* for appellee.