## 41746. FORDHAM v. THE STATE.

(325 SE2d 755)

WELTNER, Justice.

Tommy Fordham was convicted of the stabbing murder of Roscoe Walden, Jr. He was sentenced to life imprisonment.[1]

1. The evidence is sufficient to find guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Fordham contends that the introduction of photographs of the victim was unduly prejudicial. They depicted the nature and location of the wounds, which were clearly material. *Lamb v. State*, 241 Ga. 10 (243 SE2d 59) (1978). No autopsy photographs were admitted. *Brown v. State*, 250 Ga. 862 (302 SE2d 347) (1983). This enumeration is without merit.

3. Fordham enumerates as error the introduction of statements made while in police custody. Fordham was fully advised of his Miranda rights prior to each statement, signed waiver of counsel forms, was not threatened or coerced, and appeared to understand his rights. A Jackson-Denno hearing was held in which the trial court determined that the statements were freely and voluntarily given. This determination was not clearly erroneous. *Moon v. State*, 253 Ga. 74 (316 SE2d 464) (1984).

4. Fordham contends that the trial court improperly permitted the investigating officer to state his opinion on an important factual issue.

The prosecutor asked the officer, "Was there anything in those statements that would justify Tommy Fordham from killing Roscoe Walden?" A timely objection was overruled, whereupon the question was repeated, and the officer replied, "No, sir."

Ordinarily, a witness may not express his opinion as to an ultimate fact, because to do so would invade the province of the jury. *Jones v. State*, 232 Ga. 762 (208 SE2d 850) (1974). Jurors are the ultimate triers of fact, and "where it is possible for them to take the same elements and constituent factors which guide the expert to his conclusions and from them alone make an equally intelligent judgment of their own, independently of the opinion of others, then undoubtedly this should be done. But we think it is also true that if the nature of the question is such that the factors leading to a conclusion are not known to the common or average man, but are among those

---

[1] The crime was committed on January 2, 1983. Fordham was convicted on November 11, 1983. He filed a motion for new trial on November 13, 1983, and amended the motion on June 18, 1984. The motion was overruled on September 26, 1984. He filed a notice of appeal on October 9, 1984. The transcript was filed on October 26, 1984, and the appeal docketed in this court on November 20, 1984. The case was submitted on January 4, 1985.

things shrouded in the mystery of professional skill or knowledge, then the light of that knowledge should not be withheld from the jury." *Metropolitan Life Ins. Co. v. Saul*, 189 Ga. 1, 9 (5 SE2d 214) (1939).

The issue in this case is whether Fordham killed with malice, or with justification. That is a matter for jury determination, and no part of such an inquiry can be said to be " 'beyond the ken of the average layman.' " *Smith v. State*, 247 Ga. 612, 619 (277 SE2d 678) (1981). The officer's opinion was improperly admitted, and because it went to the very heart of the case, we cannot call it harmless.

*Judgment reversed. All the Justice concur.*

DECIDED FEBRUARY 15, 1985 —
REHEARING DENIED MARCH 5, 1985.

*Stanley Smith,* for appellant.

*Beverly B. Hayes, Jr., District Attorney, William T. McBroom III, Assistant District Attorney, Michael J. Bowers, Attorney General, J. Michael Davis,* for appellee.