41839. WILLIAMS v. THE STATE.
(330 SE2d 353)

SMITH, Justice.

Appellant, James Williams, was tried before a Chatham County jury for murder. He was convicted and sentenced to life imprisonment. On direct appeal, we overturned his conviction on the basis of the state's misconduct. *Williams v. State*, 250 Ga. 463 (298 SE2d 492) (1983). Williams was retried and was again convicted and sentenced to life imprisonment. On this appeal, he raises seven enumerations of

error. We reverse.[1]

Appellant testified that the victim, Danny Hansford, an acquaintance, fired a shot at him with a pistol during a drug and alcohol induced tantrum. He claimed that when he saw the victim draw his pistol, he responded in kind and shot the victim after the victim's shot missed him. Appellant claimed that the twenty-pound trigger pull of the victim's pistol forced the victim to jerk as he fired the pistol and caused the victim's shot to miss its mark. He stated that he was aware of the victim's explosive temper and thus was prepared to defend himself when he was attacked.

Appellant called the police thirty minutes after the shooting occurred. When the police arrived at his home, they found the victim lying on his chest on the floor. He had been shot once in the chest, once in the back, and once in the head. A chair was standing upright over his legs. A leg of the chair rested upon one cuff of his pants.

A pistol was under one of the victim's hands. Blood was smeared on the hand, but only a speck was on the pistol. A test of the victim's hand produced no gunshot residue.

Investigators found a bullet hole in the chair in which appellant claimed he was sitting prior to the attack. The bullet had ripped through some papers on the desk in front of the chair prior to entry therein. Appellant's pistol lay on the desk. A small paper fragment rested on top of the pistol. Police found paper fragments in the chair as well.

An expert witness for appellant testified that the type of pistol that the victim allegedly used in the attack produced residue on the hand of the person firing the gun only fifty percent of the time. The same witness testified that contact with blood can reduce gunshot residue on a hand. As for the paper fragments, appellant produced evidence that there was a paper fragment under appellant's pistol, and that appellant did not claim to have been sitting in his chair when the victim fired the initial shot.

1. Appellant first contends that the state's circumstantial evidence is insufficient to uphold the verdict.

Based upon the facts developed at trial, a rational trier of fact could have concluded beyond a reasonable doubt that appellant committed the crime. As the prosecutor contended, we find that the evidence meets the standards set out under *Jackson v. Virginia*, 443

---

[1] The crime was committed on May 2, 1981. The Chatham County jury returned its verdict of guilty on October 8, 1983. A motion for new trial was filed on October 21, 1983. It was amended on May 7, 1984, May 24, 1984 and July 25, 1984. The motion for new trial was heard and denied on August 16, 1984. Notice of appeal was filed September 4, 1984. The record was docketed in this court on December 20, 1984 and the case was argued on February 4, 1985.

U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). We find no error.

2. Appellant contends that the trial court should not have allowed a Savannah detective to offer, as an expert, conclusions that an ordinary juror could have drawn as to the ultimate issues of fact normally reserved for the jury's determination. We agree.

In Georgia, where (a) the path from evidence to conclusion is not "shrouded in the mystery of professional skill or knowledge," and (b) the conclusion determines the ultimate issues of fact in a case, the jury must make the journey from evidence to conclusion without the aid of expert testimony. *Metropolitan Life Ins. Co. v. Saul*, 189 Ga. 1, 9 (5 SE2d 214) (1939); *Fordham v. State*, 254 Ga. 59, 60 (325 SE2d 755) (1985). A party may not bolster his opinion as to the ultimate issue with expert testimony when the jury could reach the same conclusion "independently of the opinion of others."[2] *Metropolitan Life*, supra at 9. The prosecution, on three occasions, offered inadmissible opinions.

Appellant admitted that he intentionally killed the victim. He claimed self-defense. At trial, proof that the victim assaulted him with a pistol would establish self-defense. Proof that there was no attack and that appellant altered the crime scene to make it appear that there was an attack would establish lack of justification, thus murder. This case turned entirely upon the jury's determination of who fired the first shot, and whether appellant altered the crime scene.

The detective concluded, as an expert, from the wounds on the victim's chest, blood on his face, blood on his hand, and the lack of wounds on his hand, that "the hand was in the position under the victim's body, which was subsequently moved and placed over here, sir." Noting that the victim was shot three times, that his legs were crossed, that a chair was over his legs, and that a chair leg rested on top of the cuff of his pants, the detective concluded that "the victim was unable to move this chair over his pants legs after he was shot." Finally, the detective concluded that appellant placed the pistol with which he shot the victim on the desk *before* the pistol found in the victim's hand was fired over the desk, since a paper fragment was found on top of the pistol on the desk.

None of these conclusions are "beyond the ken of the average layman." *Fordham*, supra. *Smith v. State*, 247 Ga. 612 (277 SE2d 678) (1981) does not apply here since the expert's opinion did not

---

[2] For example, a party would not be allowed to have Einstein and the Pope testify, as experts in a slip and fall case, that a grocery store should have known that a banana peel was on the floor because three people slipped on it and broke their legs in the hour before the plaintiff's fall. An expert is unnecessary in this instance. There may not even be an expert as to this conclusion, as anyone on the street is fully capable of drawing the conclusion.

involve a "complex" subject such as battered wife syndrome. *Sinns v. State,* 248 Ga. 385, 387 (283 SE2d 479) (1981). Each conclusion establishes that the victim's alleged attack was staged after the victim was dead, and therefore determines the ultimate factual issue in the case. As a party may not employ an expert to argue and bolster its theory of a case where neither the ultimate issue of fact nor the method of proving that fact are beyond the average juror's comprehension, we must reverse. *Fordham,* supra.

3. Appellant also contends that the prosecution's closing argument was improper.

During his closing argument, the prosecutor argued that heavy trigger pull could not have caused the victim's alleged shot to miss appellant at close range, thus, the victim did not fire a shot. To illustrate his point, he asked an assistant district attorney who reportedly weighed around one-hundred pounds to point the pistol at a wall and pull the trigger. Appellant claims that the prosecutor's actions were improper since they introduced evidence during the closing argument and constituted an experiment which was dissimilar to the actual event.

The gun was properly in evidence and thus was a proper subject for the prosecutor's final argument. OCGA § 17-8-75. His conclusion, that the victim could have hardly missed appellant with a pistol shot at such close range, was within the "considerable latitude in imagery and illustration" granted a district attorney in his final argument. *Johnson v. State,* 246 Ga. 126 (269 SE2d 18) (1980). A prosecutor may not, however, inject into his final argument "matters which [have] not been proven in evidence." *Winget v. State,* 138 Ga. App. 433, 437 (226 SE2d 608) (1976).

The prosecutor's actions introduced new evidence during closing argument: the fact that a small person could easily pull the trigger of the gun in question. This fact was specifically used to respond to appellant's evidence that the trigger was extremely difficult to pull. Appellant had no chance to rebut the prosecutor's demonstration, a demonstration that could have easily been performed during trial when both sides could have fleshed out its implications thoroughly. This demonstration should have taken place during trial or not at all. *Winget,* supra. This was error. As this case must be retried based on the error enumerated in Division 2, we need not decide whether this was reversible error.

4. As this case will be retried, we need not reach appellant's second enumeration of error dealing with newly discovered evidence. The trial court ruled correctly regarding appellant's remaining enumerations.

*Judgment reversed. All the Justices concur, except Marshall, P. J., Gregory and Weltner, JJ., who dissent.*

WELTNER, Justice, dissenting.

I dissent to Divisions 2 and 3 of the majority opinion, and to the reversal.

1. As to Division 2, I agree that the officer's statements transgressed a strictly-construed closure of opinion evidence, as the conclusions which he presented to the jury could be drawn with equal ease by any intelligent citizen. (Obviously, a dead man cannot place a chair leg upon the fabric of his trousers.) It is this very apparency which reduces any error to harmlessness. Surely, the jury understood the circumstances of the killing — with or without any assistance from any expert.

Our case of *Fordham v. State*, 254 Ga. 59 ( 325 SE2d 755) (1985), is inapplicable. There, the investigating officer was permitted to testify over objection that nothing in the statements of a defendant would justify the killing of the victim. "The officer's opinion was improperly admitted, and because it went to the very heart of the case, we cannot call it harmless." 254 Ga. at 60.

2. As to Division 3, while it would have been preferable for the demonstration relative to the handgun to have taken place during the evidentiary stage of the trial, there was no harm. The pistol was in the evidence. Twelve jurors had an opportunity to test the "pull" of the trigger, and to form their own conclusions. Manifestly, the prosecutor's reference to the physical characteristics of the weapon during argument — if error — was harmless.

DECIDED JUNE 10, 1985 —
REHEARINGS DENIED JUNE 28, 1985.

*Bouhan, Williams & Levy, Frank W. Seiler, Garland, Nuckolls & Catts, Austin E. Catts,* for appellant.

*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney, Michael J. Bowers, Attorney General, Dennis R. Dunn, Senior Attorney,* for appellee.