## 71796. NICHOLS v. THE STATE.
### (340 SE2d 654)

BIRDSONG, Presiding Judge.

The defendant, Tony Nichols, was charged with the offenses of rape, aggravated sodomy, kidnapping, and possession of a knife during the commission of a crime. He was convicted of rape and aggravated sodomy and brings this appeal.

On the evening of March 22, 1985, the victim had a date with

Mather Muse and met him at the downtown Holiday Inn lounge. After a couple of drinks, they each drove their car to the Skytop Holiday Inn in Floyd County. They visited the lounge, talked with friends, had a few drinks, and danced until approximately 11:30 p.m., according to the victim and Muse. He walked the victim to her car and asked if she wanted him to follow her home. She said she did not and he departed. He looked back and saw her in her car and waved.

The victim said she had difficulty starting the car and was approached by the defendant who asked if she needed any help. She said that she did not, that it usually took a few attempts to get the car started. But the defendant came around to the passenger side, opened the door and displayed an open knife. Her version of the succeeding events was that he told her to drive to the bottom of the hill and held a knife close to her side. She drove until he told her to pull over. He pulled out her ignition keys and put them in his jacket. He forced her to accompany him into the woods where she was raped and forced to commit oral sodomy upon the defendant.

When she observed defendant's pants around his knees, she ran back to the car and locked it. Although she could not start the car, she let it roll down the incline until the locked steering wheel directed the car off the road. She ran to a nearby house and asked to be admitted, telling them she had been raped. The woman living at that house said she was awakened "somewhere between four-thirty and six-thirty" that morning by a woman shouting: "I have been raped. Please, let me in." She said the woman had no shoes, was "crying and screaming" — "very hysterical." The victim was admitted and the police were called. The police had her car towed in and searched the area pointed out to them. They found the victim's shoes, undergarments and billfold, in a pile, about 135 feet from where her car was found. Two police officers described the victim as "hysterical," crying, and screaming.

She was taken to the hospital and examined by Dr. Sennett. The doctor had examined numerous rape victims and observed that the victim had a puncture wound to the right palm, scratches and abrasions on her arms, legs, and feet. He made an internal pelvic examination. The examination revealed pine straw, seminal fluid and a superficial tear, which indicated to him that "force" was used in the sexual act. He was asked his opinion as to whether force was used and replied that in his opinion "this patient . . . has been raped."

A friend of the defendant's wife saw Nichols come into the Skytop Lounge at about 1:15 a.m. on the morning of March 23. They talked at the bar. The victim came up to them, and they talked. A few minutes later, she looked around and the victim and Nichols were gone. She went into the hallway and saw them. She told Nichols he was a married man and should come back to the bar. Nichols re-

turned with her but then walked out again. She saw Nichols and the victim walking down the hallway.

Another friend of Nichols was at Skytop with his wife and another couple. He had an argument with his wife and she walked out. He went to the parking lot to see if he could locate his wife. He saw Nichols and the victim leaving Skytop at about closing time, 1:30 a.m. They were walking "arm to arm." Nichols had nothing in his hand. They went to her car. She opened the door, slid over to the other side and Nichols got into the car on the driver's side. The car started and they left.

The defendant testified that he arrived at Skytop at closing time, around 1:30 a.m. He spoke to his wife's friend. The victim smiled at him and he smiled back. They talked and left together. She asked him if he wanted to go to her apartment and gave him the keys to the car, saying she was too drunk to drive. She slid over to the passenger side and he drove away with her directing him where to go. The car stopped and they got out of the car because he was afraid the police would come by and he did not have a driver's license and she was too drunk to drive. They made love voluntarily and then returned to her car. He could not find the keys and returned to the woods and while looking for the keys, he heard her at the nearby house asking to be let in because she had been raped. He fled and shortly thereafter went to Texas where he intended to earn enough money to hire a "decent lawyer." When he could not save enough money, he returned to Georgia and was arrested at his father's house.

The jury found the defendant not guilty of kidnapping, armed robbery, and possession of a knife during the commission of a crime. The defendant appeals his conviction by the jury for rape and aggravated sodomy. *Held*:

1. Insufficiency of the evidence to support the verdict and inconsistency of the verdicts are enumerated as error. First, we find the evidence sufficient to enable any rational trier of facts to find the existence of the offenses of rape and aggravated sodomy beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Secondly, we find no repugnancy or inconsistency in the verdicts. There was testimony of the victim and her date that she left the lounge at approximately 11:30 p.m. There was other evidence that the victim was still in the lounge at 1:30 a.m. the following morning and met the defendant, talked to him, and they left together. And one witness stated that the victim voluntarily entered her car and moved over to the passenger side. Then, the defendant, who had nothing in his hand, entered the car and drove away. This testimony is consistent with the defendant's version of the events and consistent with the not guilty verdicts of possession of a knife during the commission of a crime, kidnapping, and armed robbery.

" 'Where evidence is consistent with two different explanations, one of which will sustain the verdict and one render it inconsistent, this court will infer that the jury adopted that explanation consistent with its findings.' [Cits.]" *Smith v. State*, 144 Ga. App. 785, 786 (242 SE2d 376). "The determinative factor in such cases is whether the acquittal of one charge necessarily includes a finding against a fact that is essential to conviction for the other charge. If so, the evidence is then insufficient to support a verdict of guilty in the convicted charge." *Jackson v. State*, 154 Ga. App. 411, 412 (268 SE2d 749). Applying this standard to the facts of this case, we find the jury's verdict of not guilty of the offenses of kidnapping, armed robbery, and possession of a knife during commission of a crime are not inconsistent with any fact necessary for a conviction of rape and aggravated sodomy.

2. Defendant's counsel, prior to Dr. Sennett testifying, moved to exclude any question and answer of the doctor which would involve his opinion stated in his report that "this is rape." Counsel asserted this was the "ultimate issue that the jury is going to have to determine" and he would prefer that the issue not be raised before the jury because "the damage could be done before I can even object. . . ." The court examined the doctor's report, overruled the objection, and let the opinion in. This ruling constitutes reversible error.

The evidentiary rules at issue have been codified: "Where the question under examination, and to be decided by the jury, shall be one of opinion, any witness may swear to his opinion or belief, giving his reasons therefor. If the issue shall be as to the existence of a fact, the opinions of witnesses shall be generally inadmissible." OCGA § 24-9-65. "The opinions of experts on any question of science, skill, trade, or like questions shall always be admissible; and such opinions may be given on the facts as proved by other witnesses." OCGA § 24-9-67. But, as a general rule a witness is not permitted to express an opinion of ultimate fact or the fact to be decided by the jury "because to do so would invade the province of the jury." *Jones v. State*, 232 Ga. 762, 764 (208 SE2d 850). Under our law, the jurors are the ultimate finders of fact and " 'where it is possible for them to take the same elements and constituent factors which guide the expert to his conclusions and from them alone make an equally intelligent judgment of their own, independently of the opinion of others, then undoubtedly this should be done.' " *Fordham v. State*, 254 Ga. 59 (4) (325 SE2d 755).

But the Supreme Court has also held that "[e]xpert opinion testimony on issues to be decided by the jury, even the ultimate issue, is admissible where the conclusion of the expert is one which jurors would not ordinarily be able to draw for themselves; i.e., the conclusion is beyond the ken of the average layman." *Smith v. State*, 247

Ga. 612, 619 (277 SE2d 678); accord *Sinns v. State*, 248 Ga. 385, 388 (283 SE2d 479). As a general principle, we do not find that it is beyond the ability of the average juror to draw a conclusion from the facts as to whether the elements of rape have been established. *Williams v. State*, 254 Ga. 508 (2) (330 SE2d 353). It is a fact that the court and the law demands that the average juror do exactly that.

Professors Agnor and Green have examined this issue and are in agreement. They have concluded that a witness may testify as to his opinion "where the question is a *proper* one *for opinion evidence,* even though it is the ultimate issue for the jury. . . ." (Emphasis supplied.) Agnor's Ga. Evid. 136, § 9-3; Green, Ga. Law of Evid. (2d ed.) 196, § 113. The key to the issue is in the emphasized language, i.e., is the question a proper one for "opinion evidence." Thus, Agnor, Green, and our Supreme Court concur that the correct test is whether the question is a proper one for opinion evidence, and not whether it goes to the ultimate issue. See Agnor's Ga. Evid. (1985 Supp.) § 9-3; Green, Ga. Law of Evid. (2d ed.) 196, § 113; *King v. Browning*, 246 Ga. 46, 47 (268 SE2d 653). If the witness is asked to draw an inference of fact from data observed by him or presented by other witnesses, this would be a proper instance where opinion evidence is admissible. Agnor, supra at 136, § 9-3. "It is only where the drawing of the inference requires a mixture of law and fact that the question is not a proper one for opinion evidence." Id. *Jackson v. Ensley*, 168 Ga. App. 822, 827 (310 SE2d 707). In the instant case, the witness' answer involved a mixture of law and fact and was not a proper one for opinion evidence as it was a legal conclusion whether the victim had been "raped." It would have been admissible to ask the expert if the intercourse had been forcible (*Prince v. State*, 252 Ga. 82, 83 (311 SE2d 433); see also *Holt v. State*, 147 Ga. App. 186 (3) (248 SE2d 223)), because that would have been his opinion as to a fact, i.e., forcible entry. But, the offense of rape is one which involves lack of consent as well as force and involves a question of law as well as fact. Hence it is a legal conclusion which the expert witness is not permitted to draw. *Metropolitan Life Ins. Co. v. Saul*, 189 Ga. 1, 9 (5 SE2d 214); *Security Life Ins. Co. v. Blitch*, 155 Ga. App. 167 (6) (270 SE2d 349); *Dual S. Enterprises v. Webb*, 138 Ga. App. 810, 811 (227 SE2d 418); 11 Encyclopedia of Ga. Law, Evid. § 16.

Although it is permissible for the expert to give his opinion as to facts in issue or even the ultimate issue where such question is a proper one for opinion evidence, the expert is not permitted to state a legal conclusion as to the ultimate matter in issue. *Williams,* supra; *Mitchell v. State*, 154 Ga. App. 399, 400 (268 SE2d 360); U. S. cert. den. 449 U. S. 1011; accord *Harris v. State*, 188 Ga. 745, 747 (4 SE2d 651); *Travelers Ins. Co. v. Thornton*, 119 Ga. 455, 456 (46 SE 678).

3. The remaining enumeration is without merit.

*Judgment reversed. Banke, C. J., and Sognier, J., concur.*

DECIDED FEBRUARY 6, 1986.

*Wade C. Hoyt III*, for appellant.
*Stephen F. Lanier, District Attorney, Danny W. Crabbe, Harold Chambers, Assistant District Attorneys*, for appellee.