A90A1628. WADE v. THE STATE.
(398 SE2d 728)

DEEN, Presiding Judge.

Appellant Wade was arrested and charged with driving under the influence (OCGA § 40-6-391 (a) (1)) and driving with blood alcohol concentration greater than .12 grams (OCGA § 40-6-391 (a) (4)). A DeKalb County jury acquitted her on the second count but found her guilty on the first. On appeal she enumerates two errors: (1) the trial court's statement, made in the course of preliminary jury instructions, that "[y]ou [jurors] should not consider anything the attorneys say during your deliberations because it is not evidence"; and (2) the denial of defendant/appellant's motion for mistrial on the basis of the State's alleged introduction of new evidence during closing argument. *Held:*

1. We find no harmful error in the trial court's instruction. Examination of the trial transcript reveals that the challenged sentence in the instruction was preceded by the statement that evidence con-

sisted only of sworn testimony and exhibits, and was immediately followed by these sentences: "Your verdict has to be based on the evidence, and the evidence will come . . . from the witness stand and also from the exhibits. . . The attorneys have no firsthand personal knowledge of anything that happened in this particular case. They were not present when this alleged incident occurred. So that is why they are not witnesses and they are not testifying under oath. So please remember that nothing they say, that includes the objections and legal arguments that you may overhear, it is not evidence." The court continued in this vein, reiterating the distinction between what does and does not constitute evidence and emphasizing that the jury is to consider only the former.

We find it difficult to conceive how the sentence to which appellant takes exception, when read in context, could possibly have confused the average juror. It is axiomatic that the jury charge is to be read as a whole, and that a single lapsus linguae, preceded and followed by correct instructions, will not vitiate a thorough and otherwise correct instruction. "The general rule is that, 'a mere verbal inaccuracy in a charge, which results from a palpable "slip of the tongue," and clearly could not have misled or confused the jury,' is not reversible error. [Cit.]" *Gober v. State*, 247 Ga. 652, 655 (278 SE2d 386) (1981); accord *Hall v. State*, 192 Ga. App. 151 (384 SE2d 428) (1989). This enumeration is without merit.

2. Also without merit is appellant's second enumeration of error. According to the record, during closing argument the prosecutor used paper cups of several sizes to demonstrate the alcohol content of each of the drinks that appellant had admittedly consumed on the evening in question, prior to driving her vehicle. It is well settled that during closing argument the prosecutor may make any argument which can be reasonably supported by the evidence adduced at trial. *Durden v. State*, 250 Ga. 325, 329 (297 SE2d 237) (1982); *Johnson v. State*, 246 Ga. 126 (269 SE2d 18) (1980). The transcript reveals that in the instant case the court, outside the presence of the jury, responded to defense counsel's objection to the prosecutor's use of the cups by stating that the cups were mere "props" and as such were analogous to any other model or illustrative material, such as a skeleton in a medically related case or charts or maps in other sorts of cases. This court has held that charts and diagrams may be used in opening and closing arguments but may not go out with the jury. *McClure v. State*, 163 Ga. App. 236, 238 (293 SE2d 496) (1982). In the instant case, according to the record, the cups were not allowed to go out with the jury.

Generally, whether or not to permit demonstrations is within the sound discretion of the court, *Redwing Carriers v. Knight*, 143 Ga. App. 668 (239 SE2d 686) (1977), provided the prosecution has not gone outside the evidence and introduced "matters which [have] not

been proven in evidence." *Winget v. State*, 138 Ga. App. 433, 437 (226 SE2d 608) (1976); accord *Williams v. State*, 254 Ga. 508 (330 SE2d 353) (1985). A careful reading of the transcript of the proceedings below persuades us that the prosecution did not introduce, or attempt to introduce, new evidence by way of her visual demonstration and, moreover, that the trial court did not abuse its discretion in permitting the demonstration. The transcript further reveals that the court offered defense counsel time for rebuttal for the purpose of dispelling any erroneous impression that the use of the cups might, arguendo, have created in the jurors' minds. We find no error in the trial court's rulings on the incident or consequently, in its denial of appellant's motion.

3. We note that Part I of appellant's brief contains, in addition to the "succinct and accurate statement of such pleadings, facts, and issues of law as are made in the appeal . . .," lengthy excerpts from the record illustrative of each of the enumerations of error and constituting a sort of "mini-argument." We remind counsel that Court of Appeals Rule 15 (a) requires that such matter be placed in Part III of the brief (where in the case sub judice counsel does in fact continue his argument and citation of authority).

*Judgment affirmed. Pope, J., concurs. Beasley, J., concurs in Divisions 1 and 3 and in the judgment.*

DECIDED OCTOBER 15, 1990 —
REHEARING DENIED NOVEMBER 5, 1990 —

*Billy L. Spruell, Brian M. Dubuc*, for appellant.
*Ralph T. Bowden, Jr., Solicitor, Debra J. Blum, Cliff Howard, Assistant Solicitors*, for appellee.