## A91A1858. REMINE v. THE STATE.
(416 SE2d 326)

Judge Arnold Shulman.

The appellant was tried before a jury and found guilty on an indictment charging that he had committed the offense of cruelty to children by maliciously causing his then seven-year-old son "cruel and excessive physical and mental pain." See OCGA § 16-5-70 (b). He brings this appeal from the denial of his motion for new trial.

The evidence established without dispute that after causing the child to be awakened and brought before him on the night in question, the appellant beat him with a metal studded belt for a period of 15 to 20 minutes as punishment for perceived misbehavior which had occurred during the day, inflicting severe bruises on his lower back, buttocks and legs. The jury was presented with photographs of the bruises, and the police officer who took these photographs testified that in his 15 years on the police force he had never before seen such severe bruises caused by a whipping. A protective services worker from the Department of Family & Children Services who had observed the child some two weeks later at a hospital emergency room offered similar testimony concerning the severity of the bruises. She further testified that when she saw the child in the emergency room he was "rolling around on the [examining] table" in a "trance-type" state, screaming, "Daddy, stop; daddy please don't, don't hit me; daddy please don't hit me again."

1. We hold that a rational trier of fact could reasonably have concluded beyond a reasonable doubt from the evidence presented at trial that the appellant had maliciously caused the child cruel or excessive physical or mental pain in violation of OCGA § 16-5-70. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The appellant contends that the trial court erred in allowing the child's mental health counselor, a clinical social worker with a masters degree in psychiatric social work, to testify, over the appellant's objection and motion for mistrial, that in his opinion the victim had suffered "excessive physical pain and emotional abuse." We agree that this testimony should not have been admitted.

"[A]n expert may not testify as to his opinion as to the existence *vel non* of a fact . . . unless the inference to be drawn from facts in evidence is beyond the ken of the jurors — that is, unless the jurors, for want of specialized knowledge, skill, or experience, are incapable of drawing — from facts in evidence — such an inference for themselves. [Cit.]" *Allison v. State*, 256 Ga. 851, 853 (5) (353 SE2d 805) (1987). "[W]here (a) the path from evidence to conclusion is not 'shrouded in the mystery of professional skill or knowledge,' and (b) the conclusion determines the ultimate issues of fact in a case, the

jury must make the journey from evidence to conclusion without the aid of expert testimony. [Cits.]" *Williams v. State*, 254 Ga. 508 (2), 510 (330 SE2d 353) (1985). Accord *Nichols v. State*, 177 Ga. App. 689, 692 (340 SE2d 654) (1986). Thus, while it is permissible, for example, to introduce expert opinion testimony to the effect that the alleged victim in a child molestation case has exhibited behavioral characteristics consistent with those of a sexually abused child, see *Holsey v. State*, 199 Ga. App. 782, 784 (7) (406 SE2d 127) (1991), it is not permissible to present expert opinion testimony to the effect that the child has in fact been abused. See *Allison v. State*, supra; *Sims v. State*, 260 Ga. 782 (4) (399 SE2d 924) (1991).

The jury in the present case was presented with extensive evidence as to the severity of the beating and the extent of the child's resulting injuries. We hold that it was not beyond the ken of the average juror to determine from this evidence whether the appellant had caused the child excessive physical or mental pain. Accord *Cohn v. State*, 186 Ga. App. 816 (3) (368 SE2d 572) (1988). Compare *Boyce v. State*, 198 Ga. App. 371 (2) (401 SE2d 578) (1991); *In the Interest of S. T.*, 201 Ga. App. 37, 38 (1) (410 SE2d 312) (1991). However, we further hold that in the context of the evidence as a whole, it is highly probable that the testimony in question did not contribute to the verdict. See generally *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976). The appellant presented no evidence whatever tending to controvert the state's evidence concerning either the severity of the beating or its effect on the child's mental and emotional health but instead relied solely on his counsel's argument that he had not acted maliciously but had simply administered "what he thought was correct discipline." "Having carefully examined the trial transcript, we are satisfied that the accused has not been prejudiced by the introduction into evidence of the . . . expert testimony discussed above. . . ." *Palmer v. State*, 186 Ga. App. 892, 901 (369 SE2d 38) (1988).

3. The appellant contends that the trial court erred in denying his request for an in camera inspection of the district attorney's investigator's file regarding the case. The trial court denied the request on the ground that it was untimely in that it was not made until after the jury had been selected and the opening arguments delivered. We find no error. See generally *Tribble v. State*, 248 Ga. 274 (1) (280 SE2d 352) (1981).

4. In his fourth enumeration of error the appellant contends that the trial court "violated due process in commenting and charging on the evidence to the effect that there were similar transactions when, in fact, there were not, and the state failed to give any notice of similar transactions." We find this enumeration of error somewhat confusing in that if no evidence of similar transactions was admitted, then

the appellant is in no position to complain of the state's failure to give notice of its intention to introduce such evidence; whereas, if such evidence was admitted, he is in no position to complain of the court's action in charging the jury on the proper weight to be given such evidence. Because the appellant asserts unequivocally in his statement of facts that "the state did not put on evidence of similar transactions," we shall treat this enumeration of error as being directed to the court's charge, which was, in pertinent part, as follows: "Evidence of the defendant's conduct with reference to similar transactions about the same time is admitted solely for the jury to consider only as it might tend to illustrate the defendant's state of mind on the subject involved if you think it does so illustrate it and for that purpose alone. You are not to consider it for any other purpose. The Court does not intimate or express to you any opinion whatsoever as to whether the defendant has had any other transactions at any time similar to the charge . . . contained in this special presentment. Whether the accused has or has not committed other similar offenses is a matter solely for your determination."

Generally speaking, "an erroneous charge touching a theory not in issue under the evidence, unless prejudicial and harmful as revealed by the record, does not require or demand a reversal. [Cit.]" *Jones v. State*, 171 Ga. App. 184, 187 (5) (319 SE2d 18) (1984); *Hall v. State*, 176 Ga. App. 498, 501 (3) (336 SE2d 604) (1985). Assuming arguendo that no evidence of similar transactions was admitted in this case, we hold that the above charge was harmless. See *Jackson v. State*, 193 Ga. App. 844 (2) (389 SE2d 521) (1989).

5. After the jurors had been selected but before they were sworn, the trial court excused two of them on grounds of hardship — one because he had arranged for a vacation which could not be rescheduled and the other because he ran a pharmacy and had no employee to take his place. However, three alternate jurors had been selected, and the trial consequently proceeded with a full panel. Citing *Neal v. State*, 160 Ga. App. 834 (2) (288 SE2d 241) (1982), for the proposition that, once chosen, a juror may be discharged only for legal cause, the appellant contends that the court's action in excusing these two jurors was not authorized.

This court has previously held that OCGA § 15-12-172 "implicitly authorizes the trial court to exercise its discretion with regard to excusing a juror from the panel." *Baptiste v. State*, 190 Ga. App. 451, 453 (2) (379 SE2d 165) (1989). Pretermitting whether that discretion was abused in the present case, it is evident that the appellant was not harmed by the court's action, since the case proceeded to trial before a full panel of qualified jurors of his own choosing. Accordingly, this enumeration of error also establishes no ground for reversal.

*Judgment affirmed. Carley, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 12, 1992 —
RECONSIDERATION DENIED FEBRUARY 24, 1992 —

*Alden W. Snead, J. M. Raffauf*, for appellant.
*David McDade, District Attorney, Lois W. Gerstenberger, Assistant District Attorney*, for appellee.