No. 91-481

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

WAYNE K. RIEGER,

Plaintiff and Appellant,

v.

WALTER COLDWELL, d/b/a
COLDWELL ELECTRIC,

Defendant and Respondent.


APPEAL FROM:   District Court of the Sixteenth Judicial District,
In and for the County of Fallon,
The Honorable Joe L. Hegel, Judge presiding.


COUNSEL OF RECORD:

For Appellant:

Calvin J. Stacey, Keefer, Roybal, Stacey & Walen,
Billings, Montana;   Hank D. Buelow, Attorney at Law,
Miles City, Montana

For Respondent:

Randall G. Nelson and Michael K. Rapkoch, Felt,
Martin, Frazier & Lovas, Billings, Montana


Submitted on Briefs:   March 12, 1992

Decided:   August 25, 1992

FILED

Filed:

AUG 2 5 1992

Ed Smith

CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Plaintiff Wayne Rieger appeals from the judgment entered in the District Court of the Sixteenth Judicial District, Fallon County, in favor of defendant Walter Coldwell. We reverse.

Rieger raises a number of issues on appeal. However, the following issues are dispositive:

1. Was defense counsel's demonstration in front of the jury during closing argument improper and prejudicial?

2. Did the District Court err when it excluded evidence of work done by the defendant subsequent to plaintiff's accident?

3. Should third persons who are not parties be included on the verdict form, pursuant to § 27-1-703, MCA (1985)?

On October 27, 1986, Walter Rieger was injured at his place of employment when one end of a series of three fluorescent light fixtures dropped from the ceiling and struck him on the back of the head and neck. As a result, there was evidence that Rieger sustained injuries to his neck.

The light fixtures had been attached to the sheetrock ceiling by means of a "toggle bolt," a device that expands after being inserted into an opening. The light fixtures had been installed by Coldwell Electric in 1984.

John Heim, the owner of the building, was informed of the accident shortly after it happened. He alerted Coldwell Electric, and Walter Coldwell and his son came to the building that same day and made repairs to the fallen light, and to other lights in the

2

building.  Coldwell employees used larger toggle bolts for their repairs and used more toggle bolts for each fixture.

On May 12, 1989, Rieger filed suit against Walter Coldwell, d/b/a Coldwell Electric, and John Heim, seeking compensatory damages.  Prior to trial, Rieger entered into a compromise settlement with Heim, who was then dismissed from the suit.  On April 16, 1991, the jury trial commenced, and the jury returned a verdict in favor of Coldwell on April 19.  Notice of entry of judgment was entered on April 24.  Several post-trial motions were made by Rieger, including a motion for new trial, or alternatively, judgment notwithstanding the verdict, all of which were denied pursuant to Rule 59(d), M.R.Civ.P.  From this judgment and the District Court's post-trial orders, Rieger appeals.

Prior to trial, plaintiff's counsel made a motion in limine to preclude the jury from handling the sheetrock samples.  He was concerned that the jury would be tempted to perform experiments on it.  Defense counsel stipulated that the material would not be given to the jurors.

Rieger contends that defense counsel, in violation of that stipulation, performed a demonstration during closing arguments that was highly prejudicial.  Counsel for Coldwell reached into an exhibit box containing broken portions of sheetrock from the ceiling that had been used for testing purposes, and produced one of the pieces.  Handling the material, defense counsel stated:

> Now they're telling you that their expert told you that
> there's nothing wrong with that sheetrock up there.

3

> Nothing wrong with that sheetrock. And I tell you folks --

During that statement, counsel crushed the piece of sheetrock in his hand into a powder. Plaintiff's objection to the demonstration was sustained, and the jury was told to disregard what they had seen.

In *Williams v. State* (Ga. 1985), 330 S.E.2d 353, the Georgia Supreme Court was faced with a similar issue. During a prosecutor's closing arguments, he had a 100-pound assistant district attorney point the victim's pistol at a wall and pull the trigger. The prosecutor, demonstrating that a small person could easily pull the trigger of the gun in question, sought to challenge the defendant's contention that the trigger was extremely difficult to pull. The court determined that this action constituted introduction of new evidence during the closing arguments which could not be rebutted, and reversed the judgment.

Counsel's demonstration during closing showing the friability of the sheetrock likewise constituted introduction of new evidence. Coldwell had ample opportunity during trial to introduce evidence of the sheetrock's alleged defect. In addition, the demonstration used sheetrock which had been taken down from the ceiling some four years after the accident, had been broken up into many pieces, and had been transported about the country for testing purposes. There was no testimony that a similar force was exerted upon the sheetrock, and that it caused the accident to happen. Without a clear showing that the conditions under which the experiment was

4

performed were substantially similar to the actual occurrence, and that the experiment assisted the jury in more intelligently considering the issue, there was a clear possibility of prejudice. *Barmeyer v. Montana Power Co.* (1983), 202 Mont. 185, 657 P.2d 594. This Court held in *Kuhnke v. Fisher* (1984), 210 Mont. 114, 126, 683 P.2d 916, 922, that there is no way to measure how a prejudicial argument may affect an adverse party. We stated that "[t]he only way to be sure which, if any, of the defendants should be exonerated or whether plaintiff should recover at all is to grant a new trial." We so hold that for these reasons the plaintiff in this case is entitled to a new trial.

Rieger also contends that the District Court erroneously excluded evidence of the defendant's activities at plaintiff's job site when he came to repair the fallen fixture. Shortly after the accident, the fallen light fixture was reattached, and other fixtures in the building were inspected, with additional toggle bolts added to several. Prior to trial, the court declined to grant Coldwell's motion in limine to preclude any evidence regarding repairs to the fallen light, but did grant the motion as to repairs made on other light fixtures in the building, stating:

> With respect of Defendant's Motion in Limine, the court determines that Plaintiff may examine or cross-examine persons with relevant knowledge regarding Coldwell Electric's inspection and subsequent repair of the light fixture in question . . . and the feasibility of other methods of installing the light fixtures. Although Defendant has offered to stipulate that it would have been feasible to install more and/or larger toggle-bolts, Defendant is expected to argue that the cause of the falling light fixture was damp, defective sheetrock.

5

This tends to controvert the "feasibility" of using more and/or larger toggle-bolts in that "feasibility" implies more than the possibility of installing more and/or larger toggle-bolts. It also implies use of such toggle-bolts would have prevented the light from falling. The parties shall submit proposed cautionary instructions regarding the purpose for which such testimony may be used.

However, plaintiff is prohibited from inquiring regarding the repair of the other lights, unless, after side-bar conference, it appears that the relevance of the evidence outweighs its prejudicial effect under Rule 403, M.R.Evid.

The court apparently based its partial acceptance of evidence of repair on Rule 407, M.R.Evid. While Rule 407 bars evidence of subsequent remedial measures, evidence "offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures" need not be excluded. The court stated that feasibility was at issue. However, the court based its refusal to admit other evidence upon a different evidentiary rule, Rule 403, M.R.Evid. Rule 403 states:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Rieger contends that the court erred in its refusal to allow evidence of repairs to other light fixtures, particularly in light of the testimony of Coldwell's expert witness that other sheetrock in the building appeared to be much stronger than that found where the accident took place. We agree with plaintiff. In light of the expert testimony that the sheetrock at the accident scene was defective, Rieger should have been allowed to offer evidence that

6

other light fixtures were loose and were subsequently repaired. Such evidence was probative, and tended to refute the expert testimony that the sheetrock at the accident scene was defective and was the sole cause of the accident. *Runkle v. Burlington Northern* (1980), 188 Mont. 286, 613 P.2d 982. Upon retrial, Rieger should be allowed to present evidence of the repairs to rebut any contention of defective sheetrock.

Rieger contends that it was error to include the building owner, John Heim, and the manufacturer of the sheetrock, who were not parties to the action, in the verdict form. We agree.

Prior to its amendment in 1987, § 27-1-703, MCA (1985), provided that a tort-feasor is jointly and severably liable. The only issues for the jury to consider were the defendant's negligence and whether that negligence contributed as a cause of plaintiff's damages. The inclusion of a settling party or other third party in the verdict form would serve no relevant purpose in the determination of these issues. The plaintiff's recovery, if any, may be diminished by a credit based on the amount of consideration paid by the settling joint tort-feasor, upon post-trial motion by the defendant. *Azure v. City of Billings* (1979), 182 Mont. 234, 244-45, 596 P.2d 460, 466. We hold that it was reversible error to include nonparties in the verdict form.

Finally, we address the defendant's post-trial use of juror affidavits attempting to show that the jurors were not influenced by mention of the Heim settlement or the courtroom demonstration.

7

In *Rasmussen v. Sibert* (1969), 153 Mont. 286, 293, 456 P.2d 835, 839, we held that the use of juror affidavits is confined exclusively to cases of misconduct of the jury under § 25-11-102(2), MCA. The use of juror affidavits in this case was inappropriate and should not have been permitted by the District Court. Nor should future parties submit juror affidavits for this purpose.

Accordingly, we reverse the District Court and remand for new trial.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

8