## 64064. McCLURE v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was convicted of the offense of theft by taking certain money and gasoline lawfully in his possession having a value of over $200 by unlawfully appropriating said property with the intention of depriving the owner. Defendant's motion for new trial was filed, a

hearing was immediately held, and the same was denied. Defendant appeals. *Held:*

1. Defendant's first four enumerations alleged error in that the trial court failed to grant his motion for directed verdict of acquittal, on four separate grounds, contending, in general, that the alleged misappropriation constituted a civil wrong at most and did not warrant criminal prosecution. While the victim may have a civil remedy against the defendant the complainant's civil remedy and the state's right of criminal prosecution are not mutually exclusive. See *Gerdine v. State,* 136 Ga. App. 561, 562 (2) (222 SE2d 128); *Scott v. State,* 149 Ga. App. 59 (2) (253 SE2d 401). The evidence shows the defendant was in total and absolute control of the business between January 13, 1981, and July 21, 1981, during which period he allegedly misappropriated the property of another. Even though the parties had agreed to convert the money losses occurring before April 1981 to a civil debt, other evidence disclosed the defendant took the property of the owner after that date without payment to the owner. After a careful review of the entire record and transcript we find that a rational trier of fact (the jury in the case sub judice) could reasonably have found from the evidence adduced at trial proof of guilt of the defendant beyond a reasonable doubt. See *Moses v. State,* 245 Ga. 180, 181 (1) (263 SE2d 916); *Snell v. State,* 246 Ga. 648 (272 SE2d 348); *Caffo v. State,* 247 Ga. 751, 754 (279 SE2d 678). These enumerations are not meritorious.

2. Code Ann. § 70-301 (Ga. L. 1965, pp. 18, 30; 1973, pp. 159, 167) provides that a motion for new trial may be heard in vacation or term time, and the court may in its discretion hear and determine the motion before the transcript of evidence and proceedings is prepared and filed. The trial court did not err in hearing the motion immediately after it was filed and prior to the preparation of the transcript and proceedings, the evidence at the trial being fresh in the memory of the court at that particular point in time. Further, counsel has cited no law requiring that the motion for new trial be set down for a hearing or that it cannot be summarily heard instanter. There is no merit in this complaint.

3. During opening argument counsel for the state displayed a document to the jury, and on objection the court announced that if state's counsel could not connect it up during the course of the trial then he would instruct the jury to disregard it and rule it out. This was state's Exhibit No. 1 apparently containing dates and figures from January through July of 1981 used as demonstrative evidence. Defendant has not required this document to be forwarded to this court as a part of the transcript. This exhibit was not allowed in evidence to go out with the jury. The court specifically stated that it

was sustaining the objection to the document as an exhibit as it might constitute a continuing witness. The court would allow it to be displayed to the jury for purposes of argument and argument only, but he would not allow it to be admitted into evidence. The defendant has failed to present any authority to support his argument that the display of same both in opening argument and in final argument was erroneous. In failing to present such authority his contention is deemed abandoned. See *Royle v. State,* 151 Ga. App. 88 (258 SE2d 921); *Terrell v. State,* 138 Ga. App. 74, 76 (5) (225 SE2d 470). However, charts and diagrams may be used during the course of a trial for the purpose of illustrating testimony or contentions but are excluded as being a continuing witness in the jury room. We find no merit in this complaint.

4. Subsequent to the start of this criminal proceeding a bank obtained a writ of possession against the convenience store where the gasoline or funds were allegedly taken. The writ covered all inventory which apparently included some gasoline remaining in the tanks, the same being the property of the owner-victim who was then under cross-examination. Objection was made by the assistant district attorney to the relevancy of testimony with reference to the writ of possession by the bank. The defendant contended the owner was directly involved in conducting an inventory for the bank and that he purchased the inventory through the bank, all of which was after the fact as to the taking out of the warrant. Defendant contends this could be a motive for the taking out of the warrant. The state's objection was sustained. However, no abuse of the trial court's discretion has been shown as the extent of cross-examination may be curtailed if the inquiry is not relevant or material. See *Gravitt v. State,* 220 Ga. 781, 785 (6) (141 SE2d 893); *Clifton v. State,* 187 Ga. 502, 508 (4) (2 SE2d 102); *Hudson v. State,* 137 Ga. App. 439, 440 (1) (224 SE2d 48). There is no merit in this complaint.

5. The court amply charged as to the presumption of innocence, the burden of proof being on the state and the requirement that guilt be proved beyond a reasonable doubt. There is no merit in the complaint that the trial court over-emphasized the verdicts of guilty and guilty of theft by taking property not exceeding $200 in value and allegedly mentioning ever so slightly a not guilty verdict. There is no merit in this complaint.

6. During the course of the trial the proceedings were moved from a mobile home courtroom into the courthouse over the objection of the defendant that the state's case in chief was presented in the "house trailer" in a very close atmosphere whereas the defendant was required to present his evidence in the larger formal courtroom. We find no basis for reversal here as no harmful error has been shown in

the removal of the trial from one room to another under the circumstances. There is no merit in this complaint.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED JULY 9, 1982 —
REHEARING DENIED JULY 26, 1982.

*J. Fred Ivester,* for appellant.

*Rafe Banks III, District Attorney, George W. Weaver, Assistant District Attorney,* for appellee.