## 73680. GASKINS v. THE STATE.
### (354 SE2d 27)

BIRDSONG, Chief Judge.

The defendant, Dewayne Gaskins, appeals his conviction for armed robbery, possession of a firearm by a convicted felon, aggravated assault, and possession of a firearm during the commission of a felony. Mr. H. E. Nelson is the owner and operator of a gas station, garage and grocery store, at Ambrose Crossing in Coffee County. Late on the afternoon of March 19, 1986, a black man entered his store, bought a Coke, and left. Shortly thereafter, a different black man entered the store, approached him, pulled out a knife, and held it to his throat with sufficient force that it "brought blood." The robber took approximately $5,100 in cash and locked Nelson in a walk-in cooler.

At about the same time, Nelson's son arrived with a passenger, Elbert Battle. As they drove into the station, they saw a Buick leave with "squealing tires. . . ." Mr. Nelson had escaped from the cooler, obtained a pistol, and told his son he had just been robbed. Nelson, his son, and Battle gave chase to the Buick in Nelson's pickup truck. They caught up with the Buick in Ambrose, pulled alongside, and Mr. Nelson pointed the pistol at the occupants and ordered them to stop. Nelson saw the passenger in the Buick counting money. The Buick attempted to outrun the pickup truck. A gun battle ensued. Mr. Nelson emptied his pistol at the car and he saw the defendant fire a shotgun at his truck. Battle also testified that he saw the defendant fire a shotgun at them before he ducked down on the floorboard. The truck was struck by shotgun pellets. Thereafter, the Buick collided with a

telephone pole and its occupants fled across the field. The younger Nelson pursued the defendant in the truck across the field and almost ran over him. Nelson said he saw the defendant, up close, with a "wad of money in his hand" when "he fell down and I slid by him." Both of the Buick's occupants escaped but when the defendant was arrested on an outstanding warrant, a lineup was held and both the elder and younger Nelson identified the defendant as the robber. The elder Nelson's identification was tentative at first, but later became more certain. Battle also identified defendant as the passenger in the Buick and the man who fired the shotgun at them. When the occupants of the Buick fled, they left approximately $50 in cash in the car, a knife similar to the one used in the robbery, and a shotgun.

Ronnie Townsend testified for the State that he was the driver of the Buick and participated in the robbery. He had entered a plea of guilty to those offenses and had already been sentenced. He was the first man to enter Nelson's store and it was the defendant who went into the store with the knife and returned with a bag of money. When the Nelsons pulled up beside the car and pointed a pistol at them, he attempted to outrun them. He said that Nelson fired first and that Gaskins returned fire with the shotgun. When he wrecked his car, he and Gaskins fled. The defendant threatened to kill him if he testified against him.

The defendant denied participating in the robbery and the subsequent chase. He admitted to being in the car at the Nelson's store, with Ronnie Townsend and his brother, who is approximately the same size, and is similar-looking. He declined participation in the robbery because he was on probation and "knew that I couldn't get caught around nothing like that." When the Townsend brothers entered Nelson's store, he left the car and went behind the store and hid. He saw the Townsend brothers leave and the Nelsons' truck follow them. He walked to his sister-in-law's house and accepted a ride to Douglas. While he was in that car, it was stopped by a deputy sheriff who had a warrant for his arrest for assault and battery on his girl friend. The lineup followed and he was mistakenly identified as the robber.

The State introduced evidence that Gaskins had a prior conviction for motor vehicle theft. Gaskins appeals from a jury verdict of guilty on all counts. *Held*:

The defendant enumerates but one error — the trial court's denial of his motion for a new trial. The trial was held on June 17 and the motion for new trial was filed on July 7. The defendant complains that the trial court held the hearing on the motion on July 15 without the benefit of a transcript of the proceedings. In addition, counsel argues the insufficiency of the evidence to prove the guilt of the defendant beyond a reasonable doubt.

OCGA § 5-5-40 (c) authorizes a trial court "in its discretion [to] hear and determine the motion [for new trial] before the transcript of evidence and proceedings is prepared and filed." Accordingly, this court has held that a "trial court did not err in hearing the motion immediately after it was filed and prior to the preparation of the transcript and proceedings, the evidence at the trial being fresh in the memory of the court at that particular point in time." *McClure v. State*, 163 Ga. App. 236 (2) (293 SE2d 496); accord *Williams v. State*, 178 Ga. App. 581 (13) (344 SE2d 247).

Further, the jury is the final arbiter of facts in controversy, and when we view the evidence in a light favorable to the verdict, as we are required to do, the evidence cited above is sufficient to enable any rational trier of facts to find the existence of the offenses charged beyond reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Dean, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 20, 1987.

*Donald A. Starling*, for appellant.
*Harry D. Dixon, Jr., District Attorney*, for appellee.