## S01A1771. MOSS v. THE STATE.
(559 SE2d 433)

THOMPSON, Justice.

Peggy Moss was convicted of the malice murder of Ronnie Roey, and sentenced to life in prison.[1] She appeals, asserting that the evi-

---

[1] The crime occurred on April 27, 1994. Trial commenced on April 10, 1995, and the jury returned its verdict on April 12, finding Moss guilty of malice murder. Moss' timely filed motion for a new trial was denied on June 22, 2001, and Moss' notice of appeal was filed on

dence was insufficient to convict, and that the trial court erred in permitting demonstrative evidence to go out with the jury. Finding no error, we affirm.

1. Viewing the evidence in a light favorable to the verdict, as we are bound to do, *Willis v. State*, 263 Ga. 597, 598 (436 SE2d 204) (1993), we find the following: Moss and Roey dated for three years, and lived together. In the early morning hours on the day in question, Roey threatened to leave; the couple quarreled; and Roey went to sleep. Moss retrieved a loaded gun from the closet and shot Roey in the back of his head. Then she called 911 and said she accidentally shot her companion.

The police responded to the call and found Roey lying in bed with a gunshot wound to the head. Moss told the investigating officer that she shot Roey by accident. She said that she retrieved the gun because she was contemplating suicide; that she laid on the bed and cocked the hammer, but changed her mind; that she put the gun on the night stand; and that she picked the gun up, cradled it in her lap, and tried to place a pillow between the hammer and the bullet — to "let the hammer back easy" — when the gun accidentally fired.

The evidence demonstrated that Roey was shot at close range — between three and five inches. There were no visible powder burns on the pillows, and no gunshot residue on Moss' clothing.

Three or four months prior to the shooting, Moss told a coworker that she thought Roey was seeing someone else. She added that if she could not have Roey, no one else could either.

The evidence was sufficient to enable any rational trier of fact to find Moss guilty beyond a reasonable doubt of malice murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The State sought to introduce a mannequin head to help the jury understand the testimony of the medical examiner. A wooden dowel was inserted in the mannequin head to show the trajectory of the bullet, the distance from the muzzle of the gun to Roey's head, and the path of the bullet in Roey's head. Moss objected: "[T]hey can look at [it] but I don't believe it has any relevance going back to the jury. I don't want it going back to the jury." The trial court overruled the objection, admitted the mannequin head into evidence and allowed it to go to the jury room during deliberations.

Relying upon *Wade v. State*, 197 Ga. App. 464 (2) (398 SE2d 728) (1990), Moss argues that demonstrative evidence should not go out with the jury. In *Wade*, the Court of Appeals simply noted that charts and diagrams which are used as props in opening and closing argu-

---

July 13, 2001. The appeal was docketed in this Court on August 22, 2001, and submitted for a decision on the briefs on October 15, 2001.

ments, and are not authenticated by testimony, should not go out with the jury. It did not hold that demonstrative evidence should not go out with the jury. In point of fact, demonstrative evidence is to be received into evidence and go out with the jury during deliberations. *Pickren v. State*, 269 Ga. 453, 455 (2) (500 SE2d 566) (1998).

In this case, the mannequin head served to illustrate the testimony of the medical examiner, who authenticated the accuracy of the illustration. Thus, the mannequin head was "admissible demonstrative evidence" and the trial court did not err in allowing it to go to the jury room. Id. at 455; *James v. State*, 270 Ga. 675, 678 (7) (513 SE2d 207) (1999); *Gabbard v. State*, 233 Ga. App. 122, 124 (3) (503 SE2d 347) (1998).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 4, 2002.

*Sharon L. Hopkins*, for appellant.

*Paul L. Howard, Jr.*, District Attorney, *Bettieanne C. Hart, Alvera A. Wheeler*, Assistant District Attorneys, *Thurbert E. Baker*, Attorney General, *Madonna M. Heinemeyer*, Assistant Attorney General, for appellee.