## A04A1730. WILLIAMS v. THE STATE.
### (606 SE2d 671)

RUFFIN, Presiding Judge.

Following a bench trial, Terry Williams was convicted of eight counts of burglary. In his sole enumeration of error, Williams argues that the trial court erred in admitting into evidence three custodial statements that he made to police. For reasons that follow, we affirm.

The record shows that, prior to trial, Williams moved to suppress the statements, arguing that they were not freely and voluntarily made and that they resulted from a "hope of benefit" or "fear of injury." He further argued that he was neither informed of nor

understood his rights under *Miranda v. Arizona.*[1] Williams requested a *Jackson-Denno* hearing[2] on the issues raised in his motion.

At the hearing, a GBI agent testified that he interviewed Williams on three occasions after Williams' arrest for one of the burglaries. According to the agent, Williams signed a *Miranda* waiver form relating to each interview. And, during those interviews, Williams admitted his involvement in various burglaries. Based on the evidence presented at the hearing, the trial court determined that Williams freely and voluntarily gave the statements, without hope of reward or other inducement. It thus found the statements admissible.

At the beginning of trial, defense counsel renewed his objection to the statements' admissibility, again asserting that they were not freely and voluntarily made and that Williams did not waive his *Miranda* rights. Overruling the objection, the trial court admitted the evidence. When the State sought to introduce tape recordings of two of the interviews, defense counsel reiterated that he had " '[n]o objections other than [the] previously noted objections.' "

On appeal, Williams argues that the trial court should have excluded his statements to police because "he was arrested without a warrant and without a showing of probable cause." He no longer claims that the statements were involuntary or that he did not receive proper *Miranda* warnings. Instead, he focuses on the alleged illegal detention.

Williams correctly notes that, even if a defendant receives proper *Miranda* warnings, and even if an incriminating statement is "voluntary" for Fifth Amendment purposes, it "is nonetheless inadmissible under the Fourth Amendment if it is the product of an illegal 'seizure.' "[3] The record shows, however, that Williams did not timely object to the admissibility of his statements on this ground. In his motion to suppress, as well as prior to the statements' admission at trial, he argued that the statements were not voluntary and that he did not receive or understand his *Miranda* warnings. These arguments are entirely different from a Fourth Amendment argument based on an allegedly illegal seizure.[4]

" 'In order to raise on appeal an impropriety regarding the admissibility of evidence, the specific ground of objection must be made at the time the evidence is offered, and the failure to do so

---

[1] 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

[2] See *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

[3] *Dupree v. State*, 247 Ga. 470, 472 (2) (277 SE2d 18) (1981).

[4] See id.

amounts to a waiver of that specific ground.' "[5] We recognize that a defendant who objects to the admissibility of a custodial statement, but receives an unfavorable ruling at a *Jackson-Denno* hearing, need not renew the objection at trial to preserve it for appellate review.[6] This is so because "the 'trial court has been apprised of the possible error in admitting the evidence and has made its ruling.' "[7] To fully inform the trial court and permit a ruling, however, the defendant must articulate the *specific* basis for objecting to the statement.

Following the close of evidence at trial, defense counsel asserted that the statements should have been suppressed because the State failed to prove that Williams was legally detained when the GBI agent interviewed him. Williams, however, has pointed to no evidence that he made this argument prior to the admission of the statements. And we find the objection raised at the close of evidence untimely.[8]

A defendant who fails to object to the admission of a custodial statement waives any such objection.[9] In this case, Williams did not timely assert a Fourth Amendment objection to the admissibility of his statements to police. Accordingly, he has waived this issue for purposes of appeal.[10]

*Judgment affirmed. Eldridge and Adams, JJ., concur.*

DECIDED NOVEMBER 16, 2004.

*Paul K. Cook*, for appellant.
*Steven Askew, District Attorney, Samuel H. Altman, Assistant District Attorney*, for appellee.

---

[5] *Davis v. State*, 264 Ga. App. 221, 226 (4) (590 SE2d 192) (2003). See also *Clemons v. State*, 257 Ga. App. 96, 103 (3) (574 SE2d 535) (2002).

[6] See *Simpson v. State*, 277 Ga. 356, 357 (2) (589 SE2d 90) (2003).

[7] Id.

[8] See *Clemons*, supra at 103.

[9] See *Thompson v. State*, 258 Ga. 816, 817 (2) (375 SE2d 219) (1989).

[10] See *Davis*, supra; *Clemons*, supra. See also *Milton v. State*, 252 Ga. App. 149, 150 (555 SE2d 818) (2001) (defendant cannot raise on appeal a ground for suppressing evidence that was not raised below).