## A06A0907. COPELAND v. THE STATE.
(637 SE2d 90)

BERNES, Judge.

A Clayton County jury convicted appellant Shawn Copeland of two counts of child molestation for molesting his twelve-year-old niece, L. S., and her thirteen-year-old friend, P. H. Copeland appeals, contending only that the trial court erred in admitting a written statement he gave to police during the course of a pretrial interview. Copeland argues that the statement was made after he had invoked his right to counsel. We find no error and affirm.

Prior to admitting the challenged statement, the trial court conducted a *Jackson-Denno* hearing during which the state presented the testimony of the investigating detective. The detective testified that Copeland voluntarily appeared at the Clayton County Police Department for an investigatory interview after the detective had left a message with Copeland's wife stating that he wished to speak with Copeland about the allegations made by the two victims. Copeland was not handcuffed or formally taken into custody at that time.

Before beginning the interview, the detective read Copeland his *Miranda* rights, and allowed Copeland to read and initial a written form which also advised Copeland of his *Miranda* rights. Copeland stated that he understood his rights, wanted to tell the detective his side of the story and executed a written waiver of rights form. Copeland thereafter gave oral and written statements in which he admitted inappropriately touching the victims and expressed remorse for having committed "such dis[g]usting acts." The detective prepared a summary of the interview, which detailed Copeland's oral statements and admissions.

The detective testified that he made no promises or threats and did not offer any hope of benefit to induce Copeland's statement. The detective also testified that while he did not ask Copeland whether he was under the influence of any medication, Copeland did not appear to be under the influence.

The executed *Miranda* rights form, Copeland's written statement, and the detective's interview summary were admitted at the hearing. A videotape of the interview, however, was not introduced into evidence and was not played for the trial court at the hearing. At the conclusion of the hearing, the defense argued only two reasons that the statement should be suppressed: (1) the state failed to meet its burden because it did not play the videotape of the interview and (2) the detective did not ask Copeland whether Copeland was on medication at the time of the interview. The trial court ruled that Copeland's statement was admissible, finding that Copeland had

been advised of his *Miranda* rights, understood and waived those rights, and gave his statement freely and voluntarily.

Copeland's oral and written statements were subsequently admitted into evidence at trial through the testimony of the investigating detective. The videotaped interview was not played during the state's case-in-chief. However, after Copeland testified that his statements had been misconstrued by the detective, the state voiced its intent to play the videotaped interview in rebuttal.

An overnight recess ensued after which Copeland's counsel renewed his objection to admission of Copeland's *written* statement asserting for the first time that the written statement was made after Copeland invoked his right to counsel. Copeland's counsel stated that he had reviewed the videotape again and realized that prior to making the *written* statement, Copeland had stated: "would it be wise for me to do that without legal counsel?" The trial court denied the objection as untimely, noting that the objection had not been raised at the *Jackson-Denno* hearing and that "everyone has had this tape . . . for a period of time."[1]

We agree that Copeland's objection was untimely. By the time Copeland's counsel raised this new ground of objection, his written statement had already been admitted into evidence and read to the jury. "[T]he specific ground of objection must be made at the time the evidence is offered, and the failure to do so amounts to a waiver of that specific ground." (Punctuation and footnote omitted.) *Williams v. State*, 270 Ga. App. 480, 481-482 (606 SE2d 671) (2004). "To fully inform the trial court and permit a ruling [as to admissibility of an incriminating statement], . . . the defendant must articulate the *specific* basis for objecting to the statement." (Emphasis in original.) Id. at 482. Where a defendant fails to raise a particular ground for suppression of evidence prior to the admission of the evidence at trial, his objection raised thereafter is untimely. See id. The trial court did not err in overruling Copeland's belated objection to his written statement.[2]

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

---

[1] In his written request for a *Jackson-Denno* hearing, Copeland challenged only the voluntariness of the statement. See *Taylor v. State*, 274 Ga. 269, 273 (2), 276 (4) (553 SE2d 598) (2001) (noting the distinction between statements which are given involuntarily and those which are given in violation of *Miranda*).

[2] We nevertheless note that the trial court would have also been authorized to conclude that Copeland's question of "would it be wise for me to do that without legal counsel?" was not a request for counsel. See *Byrd v. State*, 261 Ga. 202 (2) (403 SE2d 38) (1991). Moreover, the written statement was merely duplicative of Copeland's oral statements, about which Copeland makes no complaint. See *Taylor v. State*, 259 Ga. App. 457, 459-460 (1) (576 SE2d 916) (2003).

DECIDED SEPTEMBER 26, 2006.

*James W. Bradley*, for appellant.

*Jewel C. Scott, District Attorney, Erman J. Tanjuatco, Ira M. Sudman, Assistant District Attorneys*, for appellee.