A06A2190. PENDLEY v. THE STATE.
(641 SE2d 174)

BARNES, Judge.

Steven Pendley appeals from his conviction for child molestation, arguing that because the jury twice told the trial court that it was deadlocked before reaching its verdict, the trial court erred when it denied his motion for mistrial. We affirm.

Viewed in the light most favorable to the jury's verdict, the record shows that the six-year-old victim was watching television at her home one evening when Pendley, who had spent the afternoon there watching pornographic movies obtained from the victim's father, pushed aside her shorts and underwear, penetrated her vagina with his finger, and asked the victim if it "felt good." At the time of the molestation, the victim's father, who is Pendley's cousin, was asleep on the living room sofa. The victim told her father about the molestation the following day. The crime was not reported, however, until later that month when the victim's mother told a counselor treating the victim for insomnia and school difficulties, who then notified the Georgia Department of Family and Children Services.

On the first day of Pendley's trial for aggravated sexual battery and child molestation, the State introduced a videotape of the victim's interview with DFACS. The jury began its deliberations two days later and was allowed to view the videotape of the interview. At 5:00

---

[24] See id. at 695.

p.m., the foreperson informed the judge that the jury was "dead-locked" and that further discussion would not change anyone's position. The trial court sent the jury home with instructions to return the following day.

The jury reconvened at 9:00 a.m. A short time later, the jury sent word that it had reached an impasse. Pendley moved for a mistrial. When called to the courtroom, the foreperson told the court that the jury was "hopelessly deadlocked," that "we do not feel that any of us are going to alter our positions," and that "we cannot come to a unanimous decision." The trial court said that although it did not intend the jury members "to undertake any type of action or continue deliberations that would be anything contrary to [their] will," it would deliver further instruction, after which they should "continue [their] deliberation one more time," although not for "any specific amount of time." The trial court also said that if there was no change in position after receiving the instruction, the jury should say so, and "that's where we will end. Otherwise, we will receive a verdict." The trial court then delivered the pattern *Allen* charge.

After retiring for a third time, the jury asked to view the interview tape a second time and to take a courthouse break. The trial court granted both requests and denied Pendley's motion for a mistrial. Later that same day, the jury acquitted Pendley of aggravated sexual battery but found him guilty of child molestation. He was sentenced to fifteen years with seven to serve in custody.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence. *Williams v. State*, 261 Ga. App. 793, 794 (1) (584 SE2d 64) (2003). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

1. Although Pendley does not raise the general grounds, we have reviewed the record, and find that the evidence sufficed to sustain his conviction for child molestation. OCGA § 16-6-4 (a); *Jackson*, supra.

2. A trial court is not bound to accept the jury's categorization of itself as "deadlocked," and may, in an exercise of sound discretion, ask the jury to continue its deliberations nonetheless. *Sears v. State*, 270 Ga. 834, 838 (1) (514 SE2d 426) (1999).

Here, the jury deliberated for a total of less than two days. Its members were told immediately before returning for a third round of deliberations that if they did not change their positions after listening to the *Allen* charge, they should say so, and the trial would end at that point. The jury then listened to the charge, retired, asked to review a critical piece of evidence in the case, and then returned its verdict.

Under these circumstances, we cannot say that the jury was coerced into rendering that verdict, or that the trial court abused its discretion when it delivered an *Allen* charge and denied Pendley's motion for a mistrial. *Sears*, supra, 270 Ga. at 838 (1) (no error in denying motion for mistrial when jury considering death penalty had twice announced over nine hours that it was deadlocked); see also *Albert v. State*, 180 Ga. App. 779, 786 (8) (350 SE2d 490) (1986) (no error in denying motion for mistrial when jury had twice announced over ten hours that it was deadlocked).

The trial court did not err when it denied Pendley's motion for mistrial and his motion for new trial.

*Judgment affirmed. Andrews, P. J., and Bernes, J., concur.*

DECIDED DECEMBER 11, 2006 —
RECONSIDERATION DENIED JANUARY 12, 2007.

*J. Christopher NeSmith*, for appellant.
*Penny A. Penn, District Attorney*, for appellee.