## A07A1288. JOHNSON v. THE STATE.

### (652 SE2d 179)

BERNES, Judge.

A Clayton County jury convicted George Henry Johnson III of armed robbery. Johnson appeals, contending that the trial court erred by allowing the prosecutor to ask a witness leading questions after the witness refused to testify and by failing to charge the jury on corroboration of an accomplice's testimony. For the reasons that follow, we affirm.

Viewed in the light most favorable to the verdict, *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the evidence shows that Johnson and his co-defendants, Eldrick Nelson and Cameron Swain, were friends. On the date of the armed robbery, they gathered at Johnson's residence and contrived a plan to rob a pizza delivery man. Johnson ordered the pizza to be delivered and told Nelson and Swain where to run after committing the robbery. Nelson and Swain waited at a nearby vacant house until the delivery man arrived. One of Johnson's neighbors observed the two men at the vacant house and took photographs of them because they looked suspicious.

When the victim arrived to deliver the pizza, Johnson paid him and accepted the pizza. Immediately thereafter, Swain approached the victim with a gun, stating "give it up, give it up," while Nelson ordered Johnson to the ground. Swain took the victim's wallet, cash, and a cell phone. He also took the victim's car keys and searched for valuables in his vehicle. Following the robbery, Nelson and Swain ran to the predetermined location, where Johnson later joined them.

After police were called to Johnson's residence, Johnson's neighbor brought his photographs to help with the investigation. When the victim was shown the photographs, he identified Nelson and Swain as the perpetrators. Johnson, however, claimed that he could not make an identification. The victim, who characterized Johnson as nonchalant throughout the robbery, testified at trial that Johnson stood facing Swain throughout the robbery and should have been able to identify him.

Five days after the robbery, a police officer found Johnson and Swain together at a location in close proximity to the scene of the armed robbery. During the encounter, the officer seized a gun and the victim's cell phone from Swain.

Nelson later cooperated with the police investigation and gave officers a statement admitting his participation in the armed robbery and implicating Johnson. Nelson pled guilty to the armed robbery charges and related the details of the armed robbery scheme at Johnson's trial. Johnson's other accomplice, Swain, was also called as a trial witness, but he refused to testify. Johnson testified in his own

behalf. He admitted that he was friends with Nelson and Swain and that they had been at his residence prior to the robbery, but denied having participated in the crime.

Based upon the foregoing evidence, the jury convicted Johnson of the armed robbery.

1. On appeal, Johnson contends the trial court erred in allowing the prosecutor to ask Swain leading questions about his prior statement to police after Swain stated that he did not want to testify at trial.[1] A review of the record, however, reveals that this claim of error has not been preserved for review. In response to the questioning, Johnson's counsel interrupted and merely stated, "I guess I'm trying to wonder where [the prosecutor] is going. The witness says he doesn't want to testify so is he trying to . . . impeach[ ] him or what is he doing[?] I don't know." Counsel's statements were insufficient to preserve error for appellate review. "To fully inform the trial court and permit a ruling . . . , the defendant must articulate the *specific* basis for objecting to the statement." (Citation and punctuation omitted; emphasis in original.) *Copeland v. State*, 281 Ga. App. 656, 657 (637 SE2d 90) (2006). When the specific ground of objection is not made at the time the evidence is offered, the failure to do so amounts to a waiver of that specific ground.[2] Id.

Even if Johnson's claim had been preserved, any error was harmless in light of the overwhelming evidence of Johnson's guilt established by Nelson's testimony detailing Johnson's participation in the robbery plan and the circumstantial evidence that corroborated that testimony. See *Rooks v. State*, 238 Ga. App. 177, 181 (3) (518 SE2d 179) (1999).

2. Johnson next contends that the trial court erred in failing to charge the jury on corroboration of an accomplice's testimony. The record fails to reflect that Johnson requested the charge. "Absent a request to charge the law regarding corroboration of an accomplice's testimony, the trial court did not err in failing to do so." *McCord v. State*, 268 Ga. 842, 845 (6) (493 SE2d 129) (1997). See also *Woodard v. State*, 260 Ga. 825, 826 (8) (400 SE2d 311) (1991).

*Judgment affirmed. Blackburn, P. J., and Ruffin, J., concur.*

---

[1] After Swain was called to the stand and sworn as a witness, he stated he did not want to be a witness. He did, however, admit that he had made a prior statement to the police about the robbery. The prosecutor posed one question about the substance of the statement, but ceased any further questioning after Swain reiterated that he did not want to be a witness. Johnson's counsel offered no questions on cross-examination.

[2] While Johnson cites to *Bruton v. United States*, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968) in his brief, "there was no *Bruton* objection at trial[.] [Johnson] is [thus] foreclosed from raising this claim on appeal." (Footnote omitted.) *Alexander v. State*, 236 Ga. App. 142, 145 (1) (511 SE2d 249) (1999).

Decided September 12, 2007.

*James W. Bradley*, for appellant.
*Jewel C. Scott, District Attorney, Billy J. Dixon, Assistant District Attorney*, for appellee.