A11A0222. MICELI v. THE STATE.
(707 SE2d 141)

MIKELL, Judge.

Following a jury trial, Steven Charles Miceli was found guilty of three counts of child molestation (Counts 1, 2, and 4), in violation of OCGA § 16-6-4; he was acquitted of one count of aggravated sexual battery (Count 3). After the trial court granted Miceli's motion for an

out-of-time appeal,[1] Miceli brought this appeal, contending in his sole enumeration of error that the trial court erred in restricting his cross-examination of the victim's mother. Discerning no error, we affirm.

Viewed in the light most favorable to the verdict,[2] the record reflects that A. B., who was eight years old at the time of trial, testified that when she was six years old, she lived with her mother and her mother's boyfriend, Miceli. A. B. testified that on several occasions, starting when she was five years old, Miceli molested her. She testified that he touched her on her "front" private parts and on her "butt"; that while he was naked, he climbed on top of her while she was in bed and "humped" her, until she felt something "kind of" wet; and that he made her put her hand on his "thing," that is, his private part. In May 2005, when A. B. was seven, she disclosed the abuse, first to the older sister of one of her friends, and the next day to her mother, who reported it to the police. In the course of their investigation, the police collected the bed linens from A. B.'s bed. These items were analyzed by Dr. Charity Davis, a forensic scientist with the Georgia Bureau of Investigation, who testified that chemical examination of stains on the linens indicated the presence of seminal fluid; that she performed a DNA analysis of one of the semen stains; and that the DNA from the semen on the sheet matched Miceli's DNA. Also testifying at trial was Dr. Susan Campbell, a clinical psychologist, who was qualified by stipulation as an expert in psychology. Campbell testified that she had treated A. B. both before and after A. B.'s disclosure of the abuse; that when she saw A. B. in June 2005, after the disclosure, A. B. made drawings depicting the abuse she had endured from Miceli. Campbell further testified that A. B. exhibited many behaviors consistent with sexual abuse.

Miceli testified in his own defense. He denied ever touching A. B. inappropriately, and further testified that he and A. B.'s mother sometimes had sex in A. B.'s bedroom on A. B.'s bed; that he last had sex with A. B.'s mother on that bed on the Thursday before his arrest; and that A. B.'s mother sometimes failed to wash the sheets for as long as two weeks at a time.

1. Although Miceli does not challenge the sufficiency of the evidence on appeal, we conclude that it was sufficient, under the

---

[1] The jury reached its verdict on June 28, 2006; judgment was entered on July 6, 2006; and Miceli filed a notice of appeal on July 24, 2006. The appeal was dismissed for failure to file a timely brief. On April 29, 2010, the trial court entered an order allowing an out-of-time appeal, but Miceli's notice of appeal was not timely filed; and on September 9, 2010, the appeal was dismissed. On September 10, 2010, the trial court granted Miceli's motion for an order allowing an out-of-time appeal, and this appeal followed.

[2] *Al-Amin v. State*, 278 Ga. 74 (1) (597 SE2d 332) (2004).

standard of *Jackson v. Virginia*,[3] to authorize the jury to find him guilty beyond a reasonable doubt of the three counts of child molestation of which he was convicted. Indeed, the testimony of A. B., standing alone, would have been sufficient to authorize the guilty verdicts.[4]

2. In his sole enumeration of error, Miceli argues that the trial court erred in restricting his cross-examination of the victim's mother. This enumeration of error fails.

A. B.'s mother was called as a witness by the state during the state's case-in-chief. On cross-examination, Miceli's counsel asked the witness about her testimony at Miceli's bond revocation hearing. The state objected to this line of questioning on the ground that it was not relevant to the proceeding at hand. Miceli's counsel responded, "Your Honor, it goes to her tendency to make false accusations and it also looks at her ability to —." At this point the trial court interposed, in order to make clear that the bond revocation hearing had taken place before a different judge. The trial court then sustained the state's objection. Without making any further proffer of evidence, and without requesting the opportunity to make a proffer outside the presence of the jury, Miceli's counsel continued his cross-examination of the witness.

"The state of a witness's feelings toward the parties and his relationship to them may always be proved for the consideration of the jury,"[5] and a defendant has the right to make "a thorough and sifting cross-examination" of the witnesses against him.[6] However, "[c]ontrol of the nature and scope of cross-examination of a witness is a matter within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion."[7] It is also well settled that "[t]he admission or exclusion of evidence which is objected to on the ground of relevancy lies within the sound discretion of the trial court, whose decision will not be disturbed on appeal absent a clear abuse of discretion."[8]

Miceli argues in his appellate brief that his cross-examination of the victim's mother would have shown that this witness had a possible bias or motive for testifying against him, and that she had made prior allegations that one of her children had been molested

---

[3] Supra.

[4] See *McKinney v. State*, 269 Ga. App. 12, 16 (2) (602 SE2d 904) (2004).

[5] OCGA § 24-9-68.

[6] OCGA § 24-9-64.

[7] (Punctuation and footnote omitted.) *Brown v. State*, 280 Ga. App. 884, 886-887 (1) (635 SE2d 240) (2006). Accord *Lawton v. State*, 281 Ga. 459, 461 (1) (640 SE2d 14) (2007).

[8] (Citation and punctuation omitted.) *Banks v. State*, 250 Ga. App. 728 (1) (552 SE2d 903) (2001). Accord *Schneider v. State*, 267 Ga. App. 508, 510 (2) (603 SE2d 663) (2004).

(although it is not clear by whom). However, because Miceli did not perfect the record with a sufficient proffer of the testimony,[9] we are unable to reach the merits of his claim.[10]

> Where the error alleged is that certain evidence has been wrongfully excluded, the rule is well settled that there must have been a proffer or offer of a definite sort so that both the trial court and the appellate court can know whether the evidence really exists. In the absence of such a proffer, the assignment of error is so incomplete as to preclude its consideration by this [C]ourt.[11]

Moreover, even if review of this alleged error had not been waived, Miceli has not shown how the trial court's ruling on this issue in any way prevented him from showing any bias or prejudice against him on the part of A. B.'s mother. Miceli was not prohibited from cross-examining the witness about the state of her feelings toward him and about his relationship with her.[12] Further, the evidence at trial included the direct testimony of the victim, who testified as to the offenses Miceli committed against her, as well as the chemical evidence of Miceli's semen on the victim's bed sheets. In light of this overwhelming evidence, any error in the restriction of his cross-examination of the victim's mother was harmless.[13]

*Judgment affirmed. Smith, P. J., and Dillard, J., concur.*

DECIDED MARCH 4, 2011.

*Drummond & Swindle, Jason W. Swindle,* for appellant.
*Peter J. Skandalakis, District Attorney, Kevin T. McMurry, Assistant District Attorney,* for appellee.

---

[9] See *Patrick v. State,* 247 Ga. App. 495, 497 (544 SE2d 194) (2001) ("A proffer is inadequate unless it informs the trial court, at the time the questions were propounded, what answers were expected.") (footnote omitted).

[10] See *French v. State,* 288 Ga. App. 775, 777 (3) (655 SE2d 224) (2007).

[11] (Citations omitted.) *Bearfield v. State,* 305 Ga. App. 37, 41 (2) (699 SE2d 363) (2010). Accord *French,* supra.

[12] See *Beck v. State,* 250 Ga. App. 654, 661 (6) (551 SE2d 68) (2001).

[13] See *Letlow v. State,* 222 Ga. App. 339, 343 (2) (474 SE2d 211) (1996) (error in restricting cross-examination of witness was harmless where witness's testimony did not contradict victims' direct testimony concerning crime). Accord *Fields v. State,* 285 Ga. App. 345, 346-347 (3) (646 SE2d 326) (2007).