S13A1391. ELLERY v. THE STATE.
(750 SE2d 354)

THOMPSON, Chief Justice.

Appellant Charles William Ellery was convicted of felony murder, aggravated assault, and possession of a firearm during the

commission of a crime.[1] He appeals, asserting the evidence was insufficient to support the verdict. Finding no error, we affirm.

Viewing the evidence in a light to uphold the verdict, as we are bound to do, *Moss v. State*, 274 Ga. 740, 741 (559 SE2d 433) (2002), we find the following: Appellant and Brandon Johnson went to the apartment of Dykeith Williams, ostensibly to purchase marijuana. Williams opened the door to let them in and went into the kitchen. Williams' uncle, Roderick Devance, was in the living room watching television. Johnson and appellant nodded to each other, and both of them pulled guns. Johnson went into the kitchen to be with Williams; appellant stayed with Devance in the living room. Johnson and appellant separately ordered Williams and Devance to get on the ground. Devance heard a shot ring out from the kitchen; he grabbed Williams' gun (which was on the sofa) and reached for appellant's gun. At that point, appellant shot Devance in the chest. Then, trying to put his gun in his pants, appellant shot himself in the penis. As Johnson and appellant fled the scene, appellant threw his gun into the hallway and cried out, "I'm shot, I'm shot."

Devance struggled into the kitchen to check on Williams, who was lying face down in a pool of blood. Devance passed out. When police arrived, they found Devance and Williams, who was dead. Contact DNA on the handgun in the hallway matched appellant's profile. A cell phone recovered near the parking lot belonged to Johnson.

Appellant underwent surgery at a local hospital for his wounds. Devance identified appellant, whom he had known previously, and Johnson as the perpetrators.

The evidence is sufficient to enable any rational trier of fact to find appellant guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979). The evidence shows that appellant was in possession of a firearm when he entered Williams' apartment, that he shot Devance, and that he was a party with Johnson to the murder of Williams. *Harrell v. State*, 253 Ga. 474 (1) (321 SE2d 739) (1984);

---

[1] The crimes were committed on November 10, 2007. Appellant was indicted on December 17, 2009, and charged with malice murder, two counts of felony murder, four counts of aggravated assault and two counts of possession of a firearm during the commission of a crime. Trial commenced on June 8, 2010 and ended on June 17. Appellant was acquitted of malice murder, but convicted of the other crimes. He was sentenced to life for one count of felony murder, and consecutive sentences of twenty years for one count of aggravated assault and five years for each count of possession of a firearm. Appellant's timely filed motion for new trial was denied on August 28, 2012. Appellant filed a notice of appeal on September 5, 2012. The case was docketed to the September 2013 term of this Court and submitted for decision on the briefs.

OCGA § 16-2-21. Moreover, the jury was free to reject appellant's claim that he acted in self-defense. *Hoffler v. State*, 292 Ga. 537, 539 (739 SE2d 362) (2013).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 21, 2013.

*Lawrence W. Daniel*, for appellant.

*D. Victor Reynolds, District Attorney, Jesse D. Evans, Amelia G. Pray, Assistant District Attorneys, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, David A. Bikoff, Assistant Attorney General*, for appellee.