FINAL COPY
294 Ga. 610

S14A0158.  JOHNSON v. THE STATE.

THOMPSON, Chief Justice.

Appellant Brandon Johnson was indicted together with his uncle, Charles Ellery, on charges of malice murder, felony murder, aggravated assault, and possession of a firearm during the commission of a crime related to the fatal shooting of Dykeith Williams and the shooting of Roderick Devance.[1]  After a joint jury trial, appellant was found guilty of all charges for which he was indicted and sentenced to life in prison.  His motion for new trial was denied, and he appeals, asserting that the trial court erred by failing to grant his motion

---

[1] The crimes occurred on November 10, 2007. On December 18, 2009, appellant was indicted by a Cobb County grand jury for malice murder, two counts of felony murder based on the underlying felonies of aggravated assault and possession of a firearm by a convicted felon, four counts of aggravated assault, and two counts of possession of a firearm during the commission of a crime.  After a jury trial, appellant was found guilty on all counts on June 17, 2010.  At sentencing on July 13, 2010, appellant's felony murder convictions were vacated as a matter of law, and the trial court merged two of his aggravated assault convictions into his malice murder conviction, merged one of his convictions for aggravated assault against Devance into a second conviction for aggravated assault against Devance, and sentenced him to life in prison for malice murder and to consecutive prison terms of various years for the remaining convictions.  See Malcolm v. State, 263 Ga. 369 (434 SE2d 479) (1993).  Appellant's motion for new trial was filed on July 13, 2010, and denied on August 28, 2012.  His notice of appeal was filed on September 12, 2012.  The appeal was docketed to the January 2013 term of this Court and submitted for decision on the briefs.

for mistrial made after the State introduced evidence of a similar transaction against Ellery. Finding no reversible error, we affirm.

1. As recently found by this Court in Ellery v. State, 293 Ga. 881 (750 SE2d 354) (2013), viewed in the light most favorable to the verdict, the jury was authorized to find that

> [appellant and Ellery] went to the apartment of Dykeith Williams, ostensibly to purchase marijuana. Williams opened the door to let them in and went into the kitchen. Williams' uncle, Roderick Devance, was in the living room watching television. [Appellant and Ellery] nodded to each other and both of them pulled guns. [Appellant] went into the kitchen to be with Williams; [Ellery] stayed with Devance in the living room. [Appellant and Ellery] separately ordered Williams and Devance to get on the ground. Devance heard a shot ring out from the kitchen; he grabbed Williams' gun (which was on the sofa) and reached for [Ellery's] gun. At that point, [Ellery] shot Devance in the chest. Then, trying to put his gun in his pants, [Ellery] shot himself in the penis. As [appellant and Ellery] fled the scene, [Ellery] threw his gun into the hallway and cried out, "I'm shot, I'm shot."
> Devance struggled into the kitchen to check on Williams, who was lying face down in a pool of blood. Devance passed out. When police arrived, they found Devance and Williams, who was dead. Contact DNA on the handgun in the hallway matched [Ellery]'s profile. A cell phone recovered near the parking lot belonged to [appellant].

Id. Devance identified appellant and Ellery, whom he had known previously, as the perpetrators.

We conclude this evidence was sufficient to enable a rational trier of fact

2

to find appellant guilty beyond a reasonable doubt of the crimes for which he was convicted. Jackson v. Virginia, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. In his sole enumeration of error, appellant contends the trial court erred by denying his motion for mistrial made after the State introduced evidence of a similar transaction against Ellery. The decision whether to grant a mistrial is within the discretion of the trial court, and that discretion will not be disturbed on appeal "unless it is apparent that a mistrial is essential to the preservation of the right to a fair trial." (Citations and punctuation omitted.) Belton v. State, 270 Ga. 671, 672 (2) (512 SE2d 614) (1999). Given the overwhelming evidence of appellant's guilt, including Devance's identification of appellant as the individual who entered the apartment and shot Williams and appellant's own admissions that he and Ellery were at Williams' apartment, that he shot Williams, and that he dropped his cell phone while running away, we find that any error in admitting the similar transaction evidence against Ellery was harmless. Therefore, the granting of a mistrial because of the admission of this evidence was not essential to preserve appellant's right to a fair trial, and the trial court did not abuse its discretion in denying the motion for mistrial. See

3

<u>Sears v. State</u>, 292 Ga. 64 (3) (734 SE2d 345) (2012).

<u>Judgment affirmed. All the Justices concur.</u>

Decided February 24, 2014.

Murder. Cobb Superior Court. Before Judge Bodiford.

<u>Adam M. Hames</u>, for appellant.

<u>D. Victor Reynolds, District Attorney, Jesse D. Evans, Amelia G. Pray,</u>
<u>Assistant District Attorneys, Samuel S. Olens, Attorney General, Patricia B.</u>
<u>Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant</u>
<u>Attorney General, David A. Bikoff, Assistant Attorney General</u>, for appellee.