**FIRST DIVISION**
**DOYLE, C. J.,**
**PHIPPS, P. J., and BOGGS, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**September 9, 2015**

# In the Court of Appeals of Georgia

A15A1109. RUFFIN v. THE STATE.

BOGGS, Judge.

After a jury trial, Jerry Lamar Ruffin was convicted of rape, statutory rape, incest, aggravated child molestation, aggravated sexual battery, and two counts of child molestation. His amended motion for new trial was denied, and he appeals, asserting as his sole enumeration of error that the trial court violated the continuing witness rule by allowing an anatomical diagram to go out with the jury over his objection. Finding no error, we affirm.

1. Though Ruffin does not raise the general grounds, we have reviewed the record and hold that, based on the evidence adduced at trial, any rational trier of fact could have found him guilty beyond a reasonable doubt of the offenses charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979); see *Pendley*

*v. State*, 283 Ga. App. 262, 263 (1) (641 SE2d 174) (2006). Indeed, the victim's testimony, standing alone, would have been sufficient to authorize a verdict of guilty. *Miceli v. State*, 308 Ga. App. 225, 226-227 (1) (707 SE2d 141) (2011).

2. At trial, a family nurse practitioner was qualified without objection as an expert in forensic sexual assault examination. She testified to the examination she performed on the eight-year-old victim, including the abnormal findings she observed in the victim's hymen. She illustrated her testimony with a basic anatomical line drawing, on which she labeled three portions of the female anatomy and indicated with two "x"s the areas of the hymen in which she observed anomalies. This drawing was identified and admitted into evidence without objection as State's Exhibit 11.

After jury instructions were complete and the jury retired to the jury room, the trial court instructed counsel, "Please look over the evidence and see if there [are] any issues that I need to rule on about what can go out to the jury room and what cannot." Counsel for Ruffin responded, "I have a small issue with this diagram because it was mainly an in-court diagram. It wasn't, you know – these other ones were written on by [the victim] and those are the ones that she used to explain. That's it." A colloquy ensued:

The Court: Which one are you referring to? What's the number?

2

> Counsel for Ruffin: This is the one that –
> The Court: What's the number for the record?
> Counsel for State: Eleven, I think –
> Counsel for Ruffin: It's benign, I just –
> The Court: Okay. I'm going to allow –

On appeal, Ruffin asserts that allowing this document to go out with the jury over his objection violated the continuing witness rule. However,

> it is well settled that a general objection is too vague and indefinite to present any question for decision either by the trial court or by the appellate courts. To preserve a ground for error, the objecting party must state the specific ground upon which the objection is based; the objecting party must do more than merely state that he objects.

(Citation and punctuation omitted.) *Slade v. State*, 287 Ga. App. 34, 35 (1) (651 SE2d 352) (2007). While both the State and the trial court later spontaneously expressed their opinions that the continuing witness rule did not apply, Ruffin's counsel did not make any specific objection, just that he had a "small issue" and that the exhibit was "benign." This was insufficient to preserve his objection for review. "To fully inform the trial court and permit a ruling, the defendant must articulate the specific basis for objecting to the statement. When the specific ground of objection is not made at the time the evidence is offered, the failure to do so amounts to a waiver of that specific

3

ground." (Citations, punctuation, and footnote omitted.) *Johnson v. State*, 287 Ga. App. 533, 534 (1) (652 SE2d 179) (2007).

Moreover, as the trial court observed, the burden is on Ruffin to demonstrate from the record that the exhibit in question actually went out with the jury during deliberations. *Gant v. State*, 313 Ga. App. 329, 334 (1) (f) (721 SE2d 913) (2011). While Ruffin cites the trial court's statement that it would allow the exhibit to go out, nothing in the record demonstrates that it was with the jury during deliberations.

But even assuming that Ruffin's objection was adequate, and assuming that State's Exhibit 11 was sent out with the jury during its deliberations, this document does not violate the continuing witness rule.

> In Georgia the "continuing witness" objection is based on the notion that written testimony is heard by the jury when read from the witness stand just as oral testimony is heard when given from the witness stand. But, it is unfair and places undue emphasis on written testimony for the writing to go out with the jury to be read again during deliberations, while oral testimony is received but once.

(Citations and punctuation omitted.) *Tibbs v. Tibbs*, 257 Ga. 370, 370-371 (359 SE2d 674) (2012).

> This continuing witness objection usually concerns testimonial documentary evidence, such as the affidavit in *Tibbs*, and depositions of

4

interrogatories. However, the objection has also been applied to unsworn, written dying declarations and written confessions or statements of criminal defendants, on the grounds that such statements are the equivalent of depositions.

(Citations and punctuation omitted.) *Kenney v. State*, 196 Ga. App. 776, 777 (2) (397 SE2d 131) (1990) (photo lineup array marked by witness and signed by police officer not "functional equivalent of deposition.")

Our Supreme Court and this court have repeatedly held that anatomical charts or drawings used by witnesses during their testimony are not the "functional equivalent of a deposition," but rather "demonstrative evidence that serve only to illustrate testimony given by the witnesses." (Citation omitted.) *James v. State*, 270 Ga. 675, 678 (7) (513 SE2d 207) (1999) (anatomical charts used by medical examiner to illustrate testimony regarding location of victim's wounds not continuing witness evidence). See also *Gabbard v. State*, 233 Ga. App. 122, 124 (3) (503 SE2d 347) (1998) (anatomical drawings used to illustrate victims' testimony not continuing witness evidence). Nor does the fact that the witness wrote on the anatomical drawing change this result. *Abernathy v. State*, 278 Ga. App. 574, 586-587 (3) (b) (ii) (630 SE2d 421) (2006) (counsel not ineffective in failing to object to anatomical drawings

5

upon which victim of child molestation labeled body parts and indicated the part touched and person who touched him); *Griffin v. State*, 243 Ga. App. 282, 286 (6) (531 SE2d 175) (2000) (anatomical diagram marked by registered nurse to show injuries to victims not continuing witness evidence).[1]

Appellant states in conclusory fashion and in bold-face type, "This diagram was a continuing witness, period." But he cites no controlling law in support of this assertion. Instead, he argues at some length, and in obscure and exaggerated language, that this witness was so thorough and complete in her testimony that no illustrative diagram was necessary. But admissibility, not necessity, is the question

_____

[1]The statement in *McClure v. State*, 163 Ga. App. 236, 237-238 (3) (293 SE2d 496) (1982), to the effect that "charts and diagrams may be used during the course of a trial for the purpose of illustrating testimony or contentions but are excluded as being a continuing witness in the jury room" is dicta and inapplicable to the facts of this case. The document in question in *McClure* was not created as a demonstrative exhibit by a witness in order to illustrate his or her testimony, but instead was a summary chart prepared by the State for use in its argument to the jury. Id. It was only displayed during the State's opening and closing arguments, it was not offered or admitted in evidence, it was not sent out with the jury, and it was not made part of the record on appeal. Id. Appellant argued only that the State should not have been allowed to employ the chart in its opening and closing arguments. We held that McClure had abandoned that enumeration of error by failing to support it with authority. Id. See also *Moss v. State*, 274 Ga. 740, 741-742 (2) (559 SE2d 433) (2002) (unauthenticated charts and diagrams used as "props" in counsel's arguments should not go out with jury, but "demonstrative evidence is to be received into evidence and go out with the jury during deliberations. [Cit.]")

here, and Ruffin acknowledges that an expert witness may use a diagram to illustrate testimony. Here, the diagram illustrated the physical location at which the witness found damage to the victim's hymen; that is neither superfluous nor bolstering, but simply illustrative. The trial court did not err in allowing State's Exhibit 11 to go out with the jury.

*Judgment affirmed. Doyle, C. J. and Phipps, P. J., concur*.